John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*

Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone: (202) 259-0599
andrew@andrewbowmanlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

**JANE DOE** and **JOHN DOE,**

Plaintiffs,

– against –

**HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK,** and **YALE UNIVERSITY**

Defendants.

Case No. 3:21-cv-01525

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ iii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 1

ARGUMENT ........ 3

I. PLAINTIFFS SHOULD BE PERMITTED TO BRING CLAIMS ANONYMOUSLY AS COURTS IN THIS CIRCUIT REGULARLY PERMIT PLAINTIFFS TO BRING CLAIMS UNDER PSEUDONYMS OR FICTITIOUS NAMES WHERE THE PLAINTIFFS' CLAIMS ARE HIGHLY SENSITIVE AND OF A PERSONAL NATURE. ........ 3

II. PLAINTIFFS' NEED FOR ANONYMITY GREATLY OUTWEIGHS ANY PUBLIC INTEREST IN THIS MATTER. ........ 4

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Cases**

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. 2006) .................... 5

*Doe v. Blue Cross & Blue Shield United of Wisc.*,
112 F.3d 869 (7th Cir. 1997) .................... 5

*Doe v. Columbia Univ.*,
831 F.3d 46 (2d Cir. 2016) .................... 6, 7

*Doe v. Menefee*,
391 F.3d 147 (2d Cir. 2004) .................... 7

*Doe v. Montefiore Med. Ctr.*,
No. 12 CIV. 686 CM, 2013 WL 624688 (S.D.N.Y. Feb. 19, 2013), *aff'd*, 598 F. App'x 42 (2d Cir. 2015) .................... 6

*Doe v. New York Univ.*,
786 N.Y.S.2d 892 (N.Y. Cnty Sup. Ct. 2004) .................... 6, 7

*Doe v. Pataki*,
120 F.3d 1263 (2d Cir. 1997), *as amended on denial of rehg* (Sept. 25, 1997) .................... 6

*Grottano v. The City of New York*,
No. 15-CIV-9242RMBKNF, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016) .......... 8, 9, 10, 11

*Sealed Plaintiff v. Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008) .................... 8

*Smith v. Edwards*,
175 F.3d 99 (2d Cir. 1999) .................... 6

## PRELIMINARY STATEMENT

Plaintiffs John Doe ("John") and Jane Doe ("Jane") bring this motion seeking a protective order, as students, against Yale University ("Yale"), Heather Gerken ("Gerken"), Ellen Cosgrove ("Cosgrove"), and Yaseen Eldik ("Eldik") (collectively, "Defendants") to not reveal Plaintiffs' true identities and allow Plaintiffs to bring their Complaint under pseudonyms. The names utilized by Plaintiffs in this action are pseudonyms to protect the identity of Plaintiffs during the pendency of this suit. Plaintiffs, as students, should be anonymous because Defendants have broadly disseminated Plaintiffs' identities in a false report (the "Dossier"). In fact, Defendants have expressly implied that one of their goals in retaliating and defaming Plaintiffs is to affect their reputations through further public dissemination of their identities in the Dossier. Defendants are already aware of the legal names of Plaintiffs in this suit as Plaintiffs have attempted pre-filing discussions. Plaintiffs have provided Defendants with draft complaints containing their legal names.

## STATEMENT OF FACTS

In February 2021, Jane and John separately attended Zoom "office hours" with Professor Amy Chua ("Chua") to discuss their coursework. (Complaint ("Compl.") at ¶ 36.) These office hours discussions would also cover career discussions and any concerns that Jane or John voiced about the University. (*Id.* ¶ 37.) In particular John struggled with what he felt was a lack of institutional support for students of color, which ended with his frustrated resignation from the board of the Yale Law Journal. (*Id.* ¶ 38.) His resignation received media coverage on the popular legal blog (particularly among law

students) Above the Law. (*Id.* ¶ 36.) This caused John to face significant hostility at the school. (*Id.* ¶ 36.)

A classmate created a bizarre 20-page Dossier, which eventually gained such wide circulation that it became the subject of investigative reporting from news outlets including *The New Yorker*, *The New York Times*, and *The Atlantic*. (*Id.* ¶ 43.) The Dossier refers to Plaintiffs as "Jane Doe" and "John Doe" in its main text but identifies them by name through exhibited screenshots of text messages. (*Id.* ¶ 46.)

Despite Jane and John's repeatedly denying the Dossier's assertions, Cosgrove and Eldik pressured Jane and John to make a statement confirming its false allegations against them and against Chua, even calling them on a daily basis over the course of a week in April 2021, insisting that Jane and John had a "moral obligation" to "future generations of students" to make false statements against Chua. (*Id.* ¶ 52.) Cosgrove also directly threatened Jane, claiming that Yale Law School was receiving complaints about her potentially serving as a Coker Fellow due to the Dossier, and further suggested that such complaints would be moot if Jane made a statement against Chua. (*Id.* ¶ 59.)

The actions of Gerken, Cosgrove, and Eldik caused significant harm to Jane and John. (*Id.* ¶ 71.) In addition to the significant career damage created by Defendants' actions, Jane has taken a leave of absence from Yale Law School, in large part due to the ongoing harassment that arose. (*Id.* ¶ 72.) John has resigned as Gerken's speechwriter. Given the false accusations, both Jane and John did not apply for judicial clerkships, and their ability to form and maintain relationships with their peers has also been irreparably and permanently stunted. (*Id.* ¶ 73.)

## ARGUMENT

### I. PLAINTIFFS SHOULD BE PERMITTED TO BRING CLAIMS ANONYMOUSLY AS COURTS IN THIS CIRCUIT REGULARLY PERMIT PLAINTIFFS TO BRING CLAIMS UNDER PSEUDONYMS OR FICTITIOUS NAMES WHERE THE PLAINTIFFS' CLAIMS ARE HIGHLY SENSITIVE AND OF A PERSONAL NATURE.

Plaintiffs should be permitted to bring their claims under pseudonyms, as courts in the Second Circuit regularly permit plaintiffs to bring claims anonymously where the claims are highly sensitive and personal in nature. A "[p]laintiff['s] anonymity should be permitted where a substantial privacy interest is involved. Embarrassment or economic harm to the plaintiffs is insufficient, but factors to consider as to whether plaintiffs' situation is compelling, involving highly sensitive matters including social stigmatization." *Doe v. New York Univ.*, 786 N.Y.S.2d 892, 903 (N.Y. Cnty Sup. Ct. 2004) (internal quotation marks omitted). Courts in this circuit have permitted the use of pseudonyms where plaintiff is entitled to privacy. *See Doe v. Montefiore Med. Ctr.*, No. 12 CIV. 686 CM, 2013 WL 624688, at *2 (S.D.N.Y. Feb. 19, 2013), *aff'd*, 598 F. App'x 42 (2d Cir. 2015) (permitting plaintiff to proceed under pseudonym where plaintiff alleged defendant physician sexually assaulted her); *Smith v. Edwards*, 175 F.3d 99, 107 (2d Cir. 1999) ("For the sake of the privacy of plaintiff's child, pseudonyms for plaintiff and his family are employed throughout this opinion."); *Doe v. Pataki*, 120 F.3d 1263, 1265 (2d Cir. 1997), *as amended on denial of reh'g* (Sept. 25, 1997) (permitting three sex offenders to procced under pseudonyms to challenge Megan's law); *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) (permitting a student accused of sexual assault to use a pseudonym during litigation against university for violation of Title IX in investigation of sexual

assault); *Doe v. Menefee*, 391 F.3d 147, 149 n. 1 (2d Cir. 2004) (declining to review the trial court's grant of plaintiff's ex parte motion to proceed under pseudonym).

As was the case in all of the above cited cases, Plaintiffs in this matter have the right to proceed pseudonymously, as the allegations in the Complaint are of a highly sensitive nature and include social stigmatizations. In connection with many harassing, false, defamatory, and retaliatory statements, Defendants have broadly disseminated Plaintiffs' identities in the Dossier, and the use of Plaintiffs' real names in this Complaint will lead to further dissemination. The nature of the claims alleged in the Complaint are likely to result in social stigmatization, both within Plaintiffs' communities and professional networks. Because substantial privacy interests are involved here, Plaintiffs should be permitted to bring their claims under pseudonyms.

## II. PLAINTIFFS' NEED FOR ANONYMITY GREATLY OUTWEIGHS ANY PUBLIC INTEREST IN THIS MATTER.

The Plaintiffs' need for anonymity outweighs any public interest in this matter and any potential prejudice to the Defendants. Courts in the Second Circuit utilize ten factors in balancing plaintiffs' interest in anonymity and the public interest in disclosure of the plaintiffs' identity as well as prejudice to the defendant:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identify;

> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

The factors weigh in favor of Plaintiffs remaining anonymous. The litigation involves matters that are highly sensitive and of a personal nature. Plaintiffs' complaint is directed at retaliatory conduct against them by Defendants. In connection with many false, defamatory, and threatening statements, Defendants have disseminated Plaintiff's identities, and the use of Plaintiffs' names in this Complaint will lead to further dissemination of Defendants' lies. Defendants have expressly implied that their goal in defaming Plaintiffs is to affect their professional reputations through public dissemination of their identities in relation to Defendants' defamatory comments. The factors weigh in favor of Plaintiffs remaining anonymous.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a protective order should be granted, permitting Plaintiffs to remain anonymous in all public Court filings and preventing Defendants from revealing the true identity of Plaintiffs to anyone outside the scope of this litigation. Plaintiffs are entitled to remain anonymous in this action.

Dated: New York, New York
November 15, 2021

By: /s/ Andrew B. Bowman

Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone: (202) 259-0599
andrew@andrewbowmanlaw.com

John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*