John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*

Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone:   (202) 259-0599
andrew@andrewbowmanlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JANE DOE** and **JOHN DOE**,<br><br>                    Plaintiffs,<br><br>– against –<br><br>**HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK,** and **YALE UNIVERSITY**<br><br>                    Defendants. | Case No. 3:21-cv-01525<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 1

    I.   THE LITIGATION INVOLVES A HIGHLY SENSITIVE MATTER ........................... 2

    II.  FURTHER IDENTIFICATION OF PLAINTIFFS POSES A RISK OF RETALIATORY HARM, BUT PSEUDONYMITY WOULD PREVENT HARM THAT PLAINTIFFS ARE LITIGATING AGAINST ........................................ 3

    III. PLAINTIFFS ARE PARTICULARLY VULNERABLE .................................................. 4

    IV. DEFENDANTS—WHO ARE AWARE OF PLAINTIFF'S LEGAL NAMES—ARE NOT PREJUDICED IN PRE-TRIAL PROCEEDINGS .......................................... 5

    V.  PLAINTIFF'S IDENTITIES WOULD NOT FURTHER THE PUBLIC'S INTEREST ......................................................................................................................... 5

CONCLUSION ......................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Doe v. Del Rio*,
    241 F.R.D. 154 (S.D.N.Y. Dec. 11, 2006) .............................................................................. 5

*Doe v. Nat'l Conf. of Bar Exam'rs*,
    No. 1:16-CV-264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) ..................................... 3

*Doe v. Skyline Autos. Inc.*,
    375 F. Supp. 3d 401 (S.D.N.Y. 2019) .................................................................................. 3

*Rives v. SUNY Downstate College of Medicine*,
    No. 20-CV-62 (RPK) (SMG), 2020 WL 4481641 (E.D.N.Y. Aug. 4, 2020) ...................... 4

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) ........................................................................................ passim

**PRELIMINARY STATEMENT[1]**

The Court should respectfully allow Plaintiffs John Doe ("John") and Jane Doe ("Jane")—students who were caught in the middle of a political feud between a Yale Law School professor and the University's administration—to proceed pseudonymously in this action against Defendants. First, Plaintiffs should be allowed to proceed pseudonymously because the litigation involves highly personal attacks on their ethical standing in the legal profession. Moreover, contrary to Defendants' authority, John and Jane's harm is not merely speculative, but actual. Second, further identification of Plaintiffs poses a risk of retaliatory harm, but pseudonymity would prevent the harm that Plaintiffs are litigating against. Third, Plaintiffs, while adults, are particularly vulnerable as students and deserve protection from Defendants' misconduct. Fourth, there is no prejudice to Defendants because they are aware of Plaintiffs' actual legal names. Fifth, forcing Plaintiffs' to reveal their real identities in the course of this lawsuit may prevent other students from coming forward out of fear of having their names similarly made public. The Court should allow Plaintiffs to proceed pseudonymously.

**STATEMENT OF FACTS**

Plaintiffs respectfully direct the Court to the Statement of Facts in the Plaintiff's Motion.

---

[1] All capitalized terms are defined in Plaintiff's Motion for a Protective Order (the "Motion," Dkt. No. 2-1). Some terms are redefined herein for the Court's convenience.

1

# ARGUMENT

The Court should allow Plaintiffs to proceed pseudonymously. Courts utilize the ten *Sealed Plaintiff* factors to balance a plaintiff's interest in anonymity against the presumption in favor of open trials and prejudice to defendants:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;
(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
(5) whether the suit is challenging the actions of the government or that of private parties;
(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). At least five of the ten factors—one of which is neutral—weigh in favor of proceeding pseudonymously, such that the Court should grant Plaintiffs' Motion.

## I. THE LITIGATION INVOLVES A HIGHLY SENSITIVE MATTER

First, Plaintiffs should be allowed to proceed pseudonymously when the litigation involves matters that are highly sensitive and of a personal nature. *Id.* at 185 (stating the

2

first factor). Here, Defendants attempted to "blackball" Plaintiffs from "job opportunities," and Defendants disseminated a "harassing and defamatory" Dossier. (Compl. ¶¶ 1, 3.) Plaintiffs are not merely concerned about "the potential for embarrassment or public humiliation," but rather a real risk—of a personal nature—that has already damaged Plaintiffs' abilities to procure opportunities during law school and may, as Defendants intimated, continue long after graduation from law school. *See Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). Defendants, instead, rely on inapposite authority where a federal court in New York ruled against the plaintiff's request to proceed pseudonymously because of an "unsupported accusation that if her name is made public" then that "*could* cause the plaintiff to be blackballed." *Doe v. Nat'l Conf. of Bar Exam'rs*, No. 1:16-CV-264 (PKC), 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) (emphasis added). But Defendants ignore that, unlike their authority, Plaintiffs have already pleaded that they lost job opportunities—proving that an actual harm exists, and that a pseudonymity would allow Plaintiffs to impede further harm. Plaintiffs have pleaded a matter that is highly sensitive and of a personal nature.

## II. FURTHER IDENTIFICATION OF PLAINTIFFS POSES A RISK OF RETALIATORY HARM, BUT PSEUDONYMITY WOULD PREVENT HARM THAT PLAINTIFFS ARE LITIGATING AGAINST

Second, Plaintiffs should be allowed to proceed pseudonymously because further identification of Plaintiffs' legal names poses a further risk of retaliatory harm and identification would cause the harm that Plaintiffs are litigating against. *Sealed Plaintiff*, 537 F.3d at 188 (stating the second and third factors). As pleaded, Plaintiffs have been

3

harmed by Defendants' defamatory retaliation for not cooperating with an ongoing political feud on Yale's campus. (Compl. ¶¶ 58, 86.) Now, Defendants seek a Court Order denying their Motion to proceed pseudonymously, an action that very well may advance Defendants' agenda to defame and retaliate against Plaintiffs. Defendants' authority, which holds pseudonymity is inappropriate when the harm is speculative, is inapposite because Plaintiffs have provided support for their "contention that" Defendants will "retaliate against [them] for filing even a meritorious lawsuit." *See Rives v. SUNY Downstate College of Medicine*, No. 20-CV-62 (RPK) (SMG), 2020 WL 4481641 (E.D.N.Y. Aug. 4, 2020). Further identification of Plaintiffs poses a risk of retaliatory harm.

### III.   PLAINTIFFS ARE PARTICULARLY VULNERABLE

Third, Plaintiffs should be allowed to proceed pseudonymously because Plaintiffs are particularly vulnerable. *Sealed Plaintiff*, 537 F.3d at 188 (stating the fourth factor). While Defendants are correct that Plaintiffs are adults, they ignore the fact that Plaintiffs are *students* who were threatened by the Dean of Yale Law School, the Associate Dean of Student Affairs, and the Director of Diversity, Equity & Inclusion for refusing to lie to support the University's investigation into a professor of color. (Compl. ¶¶ 1, 14–17, 59.) As law students, Plaintiffs are particularly vulnerable to Yale University—one of the world's most influential universities—and administrators of Yale Law School—one of the most important non-governmental legal institutions in the nation—as they have sought to influence Plaintiffs' abilities to seek employment during law school and after graduation. (*Id.* ¶ 20.)

## IV. DEFENDANTS—WHO ARE AWARE OF PLAINTIFF'S LEGAL NAMES—ARE NOT PREJUDICED IN PRE-TRIAL PROCEEDINGS

Third, Plaintiffs should be allowed to proceed pseudonymously because Defendants are not prejudiced. *Sealed Plaintiff*, 537 F.3d at 188 (stating the sixth factor). First, Defendants, as they concede (Defendants' Br. at 11), have knowledge of Plaintiffs' identities. As such, Defendants are aware of any potential witnesses to the subject matter at the heart of this action. Defendants are free to seek out any previously unknown witnesses to learn about the case. In fact, given the media's attention to the events underlying this litigation, the public has knowledge of the claims against Defendants. *See Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. Dec. 11, 2006). Furthermore, Defendants will have an opportunity to overcome potential prejudice through discovery, where they can depose Plaintiffs, and obtain any and all documents available to them under the Federal Rues of Civil Procedure. Defendants will not suffer any prejudice.

## V. PLAINTIFF'S IDENTITIES WOULD NOT FURTHER THE PUBLIC'S INTEREST

Fourth, Plaintiff's identities would not further the public's interest in this litigation. *Sealed Plaintiff*, 537 F.3d at 188 (stating the eight factor). There is no viable public interest in knowing the identity of Plaintiffs. In this case, the knowledge of Plaintiff's legal names will not put anyone on notice. Instead, there is a strong public interest to keep Plaintiffs anonymous: considering Defendants attempts to blackball Plaintiffs, revealing Plaintiffs' true identities may have a chilling effect on the willingness of other students to come forward out of fear of having their names made public.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a protective order should be granted, permitting Plaintiffs to remain anonymous in all public Court filings and preventing Defendants from revealing the true identity of Plaintiffs to anyone outside the scope of this litigation. The Court should allow Plaintiffs remain pseudonymous in this action.

Dated: New York, New York
December 17, 2021

By: */s/ Andrew B. Bowman*
Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone:  (202) 259-0599
andrew@andrewbowmanlaw.com

John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:  (212) 374-5401
Facsimile:  (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*