John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*

Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone:   (202) 259-0599
andrew@andrewbowmanlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JANE DOE** and **JOHN DOE,**<br><br>                              Plaintiffs,<br><br>– against –<br><br>**HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK,** and **YALE UNIVERSITY**<br><br>                              Defendants. | Case No. 3:21-cv-01525<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...........................................................................................................iii

PRELIMINARY STATEMENT....................................................................................................1

STATEMENT OF FACTS.............................................................................................................2

CONCLUSION...............................................................................................................................4

# TABLE OF AUTHORITIES

**Rules**

Loc. Civ. R. 7(b) ............................................................................................................... 4

**PRELIMINARY STATEMENT**

The Court should not grant Defendants' Motion for Extension of Time to Answer or Otherwise Respond to the Complaint (Dkt No. 21, "Defendants' Motion") because Defendants, who accepted service on the same day the Complaint was filed, are already in default, did not raise their request in a timely manner, and have not established a good reason for why should have 77 days from initially accepting service of the Complaint to respond, opposed to the 63 days that Plaintiffs have offered. Defendants' Motion should be denied, and the Court should give Defendants no later than January 13, 2021, to respond to the Complaint.

Defendants first received a copy of the Complaint more than eight weeks ago on October 28, 2021, prior to the commencement of this action. Defendant's counsel then stated twice (without asking for additional time to respond) that it would accept service upon filing of the Complaint, putting their response date under Federal Rule of Civil Procedure ("Rule") 12 at December 6, 2021, a date which came and went without Defendants responding to the Complaint (but opposing Plaintiffs' Motion to Proceed Pseudonymously, Dkt. No. 13).

On December 7, 2021, Plaintiffs' counsel inquired with Defendants on the status of the Complaint, to which Defendants' counsel replied—after already accepting service without conditions—that they would only accept service if Plaintiffs provided a summons. Plaintiffs used the Court's resources to request and serve a summons on Defendants, to which Defendants, for the first time, requested a 30-day extension. Plaintiffs offered instead a seven-day extension; despite the claimed urgency, Defendants

1

then waited ten days before they followed up asking for instead a 21-day extension, giving no reason for a need for such time besides general holiday plans, with no explanation as to why that necessitated such a lengthy extension. Plaintiffs' counsel noted their upcoming trial schedule and offered an additional seven days, amounting to a 14-day extension, and offered to set up a conference to discuss further. Defendants' counsel, however, denied Plaintiff's offer and filed its motion.

Given this, the Court should reject Defendants' Motion and give them no longer until January 13, 2021, the ample extension to which Plaintiffs have already consented. Plaintiffs would have conceded to Defendants' request for additional time had Defendants' counsel been more forthcoming when they accepted service. Instead, Defendants have made piecemeal requests in an apparent effort to slow down this litigation. Defendants' Motion should be denied.

## STATEMENT OF FACTS

On November 11, 2021, Defendants' counsel, Jonathan Freiman, indicated that he would accept service for all four defendants if Plaintiffs filed suit. On November 15, 2021, Plaintiff commenced this action by filing the operative Complaint (Dkt. No. 1) along with a Motion for Protective Order (Dkt. No. 2). Approximately two hours after filing the complaint, Freiman wrote to Plaintiff's counsel to confirm that he was accepting service, "I see you filed this morning. Just a reminder that I've agreed to accept service on behalf of all four defendants." (Ex. A.) On the same day, Plaintiffs' counsel emailed Freiman a copy of the Complaint, to which Freiman replied, "Receipt confirmed." (Ex. B.) Since he unambiguously accepted service by these statements, Defendants had 21 days—

2

December 6, 2021—to answer or otherwise respond to Plaintiffs' Complaint. Fed. R. Civ. P. 12.

On December 6, 2021, Freiman and Paul Aaron Tuchmann ("Tuchmann") filed their Notices of Appearance (Dkts. No. 14–15) on behalf of all Defendants. Defendants also filed an opposition to Plaintiffs' Motion for Protective Order (Dkt. No. 13). Defendants, however, did not answer or otherwise oppose Plaintiffs' Complaint. On December 7, 2021, Plaintiffs filed a Certificate of Service, certifying that Freiman had accepted service on behalf of all Defendants (Dkt. No. 16.)

On December 7, 2021, Plaintiffs' counsel emailed Freiman and Tuchmann, inquiring when Plaintiffs should expect to receive a response to the Complaint. (Ex. C.) Freiman replied, however, that, "While I said I was willing to accept service for the defendants, I never actually did accept service, for the simple reason that you never sent me a summons." (*Id.*)

On December 9, 2021, Plaintiffs requested the Clerk to issue summons as to all Defendants and, on the same day, Plaintiffs' counsel emailed a copy of the summons (Dkt. No. 19) to Freiman, who then proceeded to accept service again. (Ex. C.) Upon receipt of the summons, Defendants, for the first, requested a 30-day extension to respond to the Complaint, vaguely noting that the holidays would conflict with his schedule. (*Id.*) Plaintiffs' counsel offered a 7-day extension, noting that the response time would still be well past the holidays. (*Id.*) Defendants waited ten days to respond, where, on December 19, 2021, Freiman then replied he would pare his request to 21-days and that Plaintiffs should inform him of their position by December 21, 2021. (*Id.*) Plaintiffs' counsel,

surprised by Freiman's sudden urgency after failing to respond for 10 days, informed Frieman that his proposal would conflict with trial preparation in another matter. (*Id.*) Freiman then proceeded to stop communication and filed Defendants' Motion, where, for the first time, he noted his other case commitments. (Dkt. No. 21.)

## ARGUMENT

The Court should deny Defendants' Motion because Defendants have had a copy of the Complaint since it was filed on November 15, 2021. Under Local Civil Rule 7(b), motions for extensions of time should not be granted without good cause. Loc. Civ. R. 7(b). The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension. *Nat'l Products, Inc. v. Scanstrut, Inc.*, No. 3:19-cv-1322(VLB), 2021 WL 1197624, at *6 (D. Conn. Mar. 29, 2021). Defendants' counsel has not demonstrated good cause because they accepted service of the Complaint on the behalf of all Defendants on two occasions. (Exs. A, B.) Rather than answering or otherwise opposing the Complaint in 21 days, as required by Rule 12, Freiman and Tuchmann filed their Notice of Appearances on the behalf of all Defendants and proceeded to only oppose Plaintiffs' Motion for Protective Order (Dkt. No. 13). Plaintiffs' counsel has never denied a request for an extension in their Connecticut practice. Defendants, however, have intentionally delayed this litigation by retroactively seeking a summons. The Court should deny Defendants' Motion and grant whatever further remedy the Court deems proper.

## CONCLUSION

The Court should deny Defendants' Motion because Defendants have not

4

demonstrated good cause.

Dated: New York, New York
       December 22, 2021

By: _____
Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone:   (202) 259-0599
andrew@andrewbowmanlaw.com

John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*