**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
JANE DOE and JOHN DOE         :    Civ. No. 3:21CV01525(SALM)
                              :
v.                            :
                              :
HEATHER GERKEN, ELLEN COSGROVE:
YASEEN ELDIK, and YALE        :
UNIVERSITY                    :    January 18, 2022
                              :
------------------------------x
```

<u>**RULING ON MOTION FOR PROTECTIVE ORDER [Doc. #2]**</u>

Plaintiffs Jane Doe and John Doe ("plaintiffs") have filed a motion for protective order seeking permission for plaintiffs "to bring their Complaint under pseudonyms." Doc. #2-1 at 4.[1] Defendants Heather Gerken, Ellen Cosgrove, Yaseen Eldik, and Yale University (collectively the "defendants") have filed a memorandum in opposition to plaintiffs' motion [Doc. #13], to which plaintiffs have filed a reply. [Doc. #20]. For the reasons stated below, plaintiffs' Motion for Protective Order [**Doc. #2**] is **DENIED**.

I.   <u>**Background**</u>

The Court presumes familiarity with the factual background of this matter, which, despite its recent filing, has already

---

[1] Throughout this Ruling, the Court cites to the pagination reflected in a document's ECF heading, rather than any pagination included by the parties.

1

been widely reported on by the media.[2] In sum, plaintiffs, each
of whom is or was a student at Yale Law School, allege that two
deans of the Yale Law School, along with the Law School's
Director of Diversity, Equity and Inclusion, "worked together in
an attempt to blackball" plaintiffs from the prestigious job
opportunities that are typically available to Yale Law School
students. Doc. #26 at 2, ¶1. Plaintiffs allege that defendants
"attempt[ed] to blackball" them from such opportunities "as
retaliation" for plaintiffs "refusing to lie" in support of Yale
University's investigation of a law school professor. Id.; see
also id. at 2-4 (preliminary statement). Plaintiffs assert
claims against defendants for: (1) breach of contract; (2)
promissory estoppel; (3) intentional interference with
prospective business relationship; (4) defamation; (5)
unreasonable publicity; (6) false light; and (7) intentional
infliction of emotional distress. See generally Doc. #26 at 16-
26.

---

[2] Defendants cite to several media outlets that have covered both
this litigation and the alleged events leading to the filing of
this lawsuit. See Doc. #13 at 7 n.4; id. at 19 n.5. The Court
"take[s] judicial notice of 'the fact that press coverage
contained certain information, without regard to the truth of
[its] contents.'" Rivas v. Fischer, 780 F.3d 529, 535 n.4 (2d
Cir. 2015) (quoting Staehr v. Hartford Fin. Servs. Grp., 547
F.3d 406, 425 (2d Cir. 2008)).

Pending before the Court is plaintiffs' Motion for Protective Order, which seeks an order allowing plaintiffs "to bring their Complaint under pseudonyms." Doc. #2-1 at 4. Defendants oppose plaintiffs' motion asserting, in relevant part, that plaintiffs have failed to carry their burden under the relevant standard and that plaintiffs' identities "have already [been] revealed" by the media and "are already widely known." Doc. #13 at 5, 6.

## II. **Applicable Law**

Pursuant to Rule 10 of the Federal Rules of Civil Procedure "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008); see also United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) ("Identifying parties in a proceeding is an important dimension of publicness, as people have a right to know who is using their courts." (quotation marks and footnotes omitted)).

Courts have, however, "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously."

3

Sealed Plaintiff, 537 F.3d at 189 (citation and quotation marks

omitted). Cases allowed to proceed anonymously present

"exceptional circumstances that in and of themselves justify

overriding the constitutional presumption of openness." Doe v.

Del Rio, 241 F.R.D. 154, 160 (S.D.N.Y. 2006).

When considering whether a party may proceed anonymously,

the Second Circuit has articulated ten, "non-exhaustive" factors

for the Court to consider:

> (1) whether the litigation involves matters that are
> highly sensitive and of a personal nature; (2) whether
> identification poses a risk of retaliatory physical or
> mental harm to the party seeking to proceed anonymously
> or even more critically, to innocent non-parties; (3)
> whether identification presents other harms and the
> likely severity of those harms, including whether the
> injury litigated against would be incurred as a result
> of the disclosure of the plaintiff's identity; (4)
> whether the plaintiff is particularly vulnerable to the
> possible harms of disclosure, particularly in light of
> his age; (5) whether the suit is challenging the actions
> of the government or that of private parties; (6) whether
> the defendant is prejudiced by allowing the plaintiff to
> press his claims anonymously, whether the nature of that
> prejudice (if any) differs at any particular stage of
> the litigation, and whether any prejudice can be
> mitigated by the district court; (7) whether the
> plaintiff's identity has thus far been kept
> confidential; (8) whether the public's interest in the
> litigation is furthered by requiring the plaintiff to
> disclose his identity; (9) whether, because of the
> purely legal nature of the issues presented or
> otherwise, there is an atypically weak public interest
> in knowing the litigants' identities; and (10) whether
> there are any alternative mechanisms for protecting the
> confidentiality of the plaintiff[.]

Sealed Plaintiff, 537 F.3d at 189-90 (citations and quotation marks omitted); accord Pilcher, 950 F.3d at 42. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Doe v. Zinsou, No. 3:19CV07025(ER), 2019 WL 3564582, at *3 (S.D.N.Y. Aug. 6, 2019) (citation and quotation marks omitted).

Ultimately, "pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting ... the presumption of disclosure." Pilcher, 950 F.3d at 45.

## III. **Discussion**

Plaintiffs contend that the Court should allow them to proceed anonymously because their "claims are highly sensitive and personal in nature." Doc. #2-1 at 6. Plaintiffs specifically contend that the use of their real names "will lead to further dissemination[]" of defendants' alleged "harassing, false, defamatory, and retaliatory statements[]" about plaintiffs, which is "likely to result in social stigmatization." Id. at 7. Finally, plaintiffs assert that application of the Sealed Plaintiff factors "weighs in favor of Plaintiffs remaining anonymous." Id. at 8. Defendants, relying on each of the Sealed Plaintiff factors, assert that plaintiffs "have not demonstrated

5

a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." Doc. #13 at 12 (citation and quotation marks omitted); see also id. at 12-25 (discussing each of the ten Sealed Plaintiff factors). In reply, plaintiffs assert that "[a]t least five of the ten factors" weigh in favor of granting plaintiffs' motion, including that: (1) the litigation involves a highly sensitive matter; (2) further dissemination of plaintiffs' names places them at further risk of retaliatory harm; (3) plaintiffs are particularly vulnerable; (4) defendants are not prejudiced; and (5) divulging plaintiffs' identities would not further the public's interest. Doc. #20 at 5; see also id. at 5-9.

Contrary to plaintiffs' contentions, this action does not involve highly sensitive matters of the type recognized by other Courts in the Second Circuit. This case does not involve minors, allegations of sexual misconduct, or some other truly sensitive matter. See, e.g., Rapp v. Fowler, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) ("Allegations of sexual assault are paradigmatic examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym. Likewise, allegations of sexual abuse of minors typically weigh significantly in favor of a plaintiff's interest." (quotation marks and footnotes

omitted)); Doe v. Paychex, Inc., No. 3:17CV02031(VAB), 2020 WL 219377, at *9 (D. Conn. Jan. 15, 2020) ("Courts have permitted cases to proceed anonymously where they involve claims relating to sexual misconduct; highly personal medical decisions and procedures, such as abortion; or minors[.]" (citations omitted)). Rather, plaintiffs' request is generally predicated on reputational harm and lost economic and professional opportunities. See Doc. #2-1 at 7; Doc. #20 at 6. "[C]ourts have found that evidence of embarrassment, social stigmatization, and economic harm provides an insufficient basis for proceeding anonymously." Doe v. Cornell Univ., No. 3:19CV01189(MAD)(ML), 2021 WL 6128738, at *5 (N.D.N.Y. Jan. 28, 2021). In sum, "courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." Guerrilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (citation and quotation marks omitted). Accordingly, this factor weighs in favor of disclosure.

Second, plaintiffs have not adequately demonstrated that defendants or others will retaliate against them for filing this lawsuit. See Doc. #20 at 7. Plaintiffs rely on the alleged past retaliatory actions of defendants (which defendants categorize as "false[,]" Doc. #13 at 15), but offer nothing to support the contention that "[f]urther identification of Plaintiffs poses a

risk of retaliatory harm." Doc. #20 at 7. Here, defendants are

aware of plaintiffs' true identities. See Doc. #1 at 2 n.1.

"[I]f a plaintiff specifically fears retaliation by defendants

or their associates, prior disclosure to the defendants of the

plaintiff's identity might moot any request for anonymity." Del

Rio, 241 F.R.D. at 158 n.7 (S.D.N.Y. 2006). For the same

reasons, plaintiffs have not made an adequate showing that

disclosure of their identities presents other harms.[3]

Accordingly, these factors weigh in favor of disclosure.

Next, plaintiffs' identities have not been kept

confidential. See Doc. #13 at 21-22. John Doe in particular has

been publicly identified by various media outlets. See id. The

Court takes judicial notice of this information as set forth in

defendants' briefing. See id. at 22 n.7 and n.8. "A plaintiff's

interest in anonymity is weakened where anonymity has already

been compromised." Zinsou, 2019 WL 3564582, at *6. Accordingly,

this factor also weighs in favor of disclosure.

The Court has considered the other factors and each

generally weighs in favor of disclosure. Specifically: (1)

plaintiffs are not particularly vulnerable to the harms of

disclosure based on their status as graduate students, see Rapp,

---

[3] "The second [and] third[] ... Sealed Plaintiff factors, ... may
be considered together[.]" Rapp, 537 F. Supp. 3d at 528.

537 F. Supp. 3d at 530 ("If a plaintiff is not a child, this factor weighs against a finding for anonymity." (quotation marks and footnote omitted)); (2) plaintiffs are not litigating against a governmental agency, see Paychex, Inc., 2020 WL 219377, at *11 ("[T]he defendant in this suit is a private party, weighing in favor of denying a request to proceed anonymously."); and (3) the public's demonstrated interest in this litigation is furthered by requiring plaintiffs to disclose their identities, see Doe v. Weinstein, 484 F. Supp. 3d 90, 97–98 (S.D.N.Y. 2020) ("As a rule, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties. ... This is not a case that involves abstract challenges to public policies, but rather particular actions and incidents. Thus, open proceedings benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication. Indeed, it is the kind of case that further the public's interest in enforcing legal and social norms." (citations and quotation marks omitted)).

Finally, "[t]he public interest in scrutinizing judicial proceedings combined with the prejudice [defendants] would face from defending against claims prosecuted by an anonymous person at trial far outweigh [plaintiffs'] interest in not suffering

professional embarrassment and any concomitant financial harm." Doe v. Delta Airlines Inc., 672 F. App'x 48, 52 (2d Cir. 2016). This too weighs in favor of disclosure.

Plaintiffs, each of whom is or was a law student, should appreciate that "[l]itigation is quintessentially public and public disclosure is in general an inherent collateral consequence of litigation." Doe v. Bausch & Lomb, Inc., No. 3:18CV00352(VLB), 2018 WL 2248418, at *3 (D. Conn. May 16, 2018).[4] Accordingly, having balanced plaintiffs' interest in anonymity against the public interest in disclosure, disclosure is warranted.

## IV. Conclusion

For the reasons stated, plaintiffs' Motion for Protective Order [**Doc. #2**] is **DENIED**.

Plaintiffs shall file a second amended complaint reflecting their given names within seven (7) days of this Ruling.

It is so ordered at New Haven, Connecticut, this 18th day of January, 2022.

                          /s/
                          _____
                          HON. SARAH A. L. MERRIAM
                          UNITED STATES DISTRICT JUDGE

---

[4] Indeed, should this case proceed to trial, plaintiffs will likely testify as witnesses in open court. Thus, whether now or at a later stage of litigation, plaintiffs will have to face "public disclosure" that is "an inherent collateral consequence of litigation." Bausch & Lomb, Inc., 2018 WL 2248418, at *3.