UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SIERRA STUBBS** and **GAVIN JACKSON,**<br><br>　　　　　　Plaintiffs,<br><br>– against –<br><br>**HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK,** and **YALE UNIVERSITY**<br><br>　　　　　　Defendants. | Case No. 3:21-cv-01525<br><br>**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING** |

**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

1. Date Complaint Filed: November 15, 2021 (Dkt. No. 1)

2. Date Complaint Served: December 9, 2021

3. Date Amended Complaint Filed: January 14, 2022; Second Amended Complaint Filed January 19, 2022

4. Date of Defendants' Appearances: December 6, 2021 (Dkt. Nos. 14–15)

5. Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 14, 2022. The participants were:

   a. Matthew W. Schmidt and Mandeep S. Minhas for Plaintiffs Sierra Stubbs ("Stubbs") and Gavin Jackson ("Jackson")

   b. Jonathan Freiman and Paul Tuchmann for Defendants Heather Gerken ("Gerken"), Ellen Cosgrove ("Cosgrove"), Yaseen Eldik ("Eldik"), and Yale University ("Yale")

## I. CERTIFICATION

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. Subject Matter Jurisdiction

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this

action is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs state that Plaintiff Sierra Stubbs is a resident of Georgia and Plaintiff Gavin Jackson is a resident of California. Defendants Gerken, Cosgrove, and Eldik are residents of Connecticut, and Yale is located in Connecticut.

    B.  Personal Jurisdiction

The Parties do not contest personal jurisdiction.

### III.    BRIEF DESCRIPTION OF CASE

*Plaintiffs' description*

This matter arises out of Plaintiffs' allegations that Defendants retaliated against Plaintiffs after Plaintiffs refused to lie to support Yale's investigation into a non-party professor. As a result of Defendants' retaliation, Plaintiffs allege that they have lost job opportunities and have suffered further emotional and financial injury. Plaintiffs bring seven causes of action:

1. Breach of Contract
2. Promissory Estoppel
3. Intentional Interference with Prospective Business Relationship
4. Defamation
5. Unreasonable Publicity
6. False Light
7. Intentional Infliction of Emotional Distress

*Defendants' description*

Defendants maintain that Plaintiffs' claims lack both factual and legal merit. They submit that they did not retaliate against Plaintiffs, did not breach any contract with them, did not engage in any tortious conduct against them, and that Plaintiffs have not suffered any legally cognizable damages. This summary is not intended to be a comprehensive discussion, and Defendants reserve the right to plead additional defenses, counterclaims, and third party claims in their answer should this litigation proceed beyond the resolution of their anticipated motion to dismiss.

*Third-Party Defendants*

There are presently no third-party Defendants in this action.

**IV.    STATEMENT OF UNDISPUTED FACTS**

The Parties agree to the following facts: Sierra Stubbs is a natural person who has completed her second year at Yale Law School. (Compl. ¶ 12.) Gavin Jackson is enrolled in his third year at Yale Law School. (*Id.* ¶ 13.) Yale University is a nonprofit educational corporation located in New Haven, Connecticut. (*Id.* ¶ 14.) Yale Law School, a professional school at Yale University, is unincorporated and does not have separate personhood. (*Id.*) Yale Law School does not compute grade point averages. (*Id.* ¶ 18.) Heather Gerken is the current Dean of Yale Law School and a resident of Connecticut. (*Id.* ¶ 15.) Ellen Cosgrove is the Associate Dean of Student Affairs at Yale Law School and a resident of Connecticut. (*Id.* ¶ 16.) Yaseen Eldik is the Director of Equity, Diversity & Inclusion at Yale Law School and a resident of Connecticut. (*Id.* ¶ 17.)

V.  **CASE MANAGEMENT PLAN**

  A. Initial Disclosures

Initial Disclosures will be served by February 14, 2022.

  B. Scheduling Conference

  1. The Parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

  2. The Parties prefer that a scheduling conference, if held, be conducted by video conference or telephone.

  C. Early Settlement Conference

  1. The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

  2. The Parties do not request an early settlement conference, but if the Court is inclined to order the parties to negotiate despite their not desiring an early settlement conference, the parties request that they be permitted to attend private mediation.

  3. The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

  1. Plaintiffs may amend their Second Amended Complaint as and if permitted by Fed. R. Civ. P. 15.

2. The Court has given Defendants until February 14, 2022, to respond to the amended complaint. *See* Dkt. #28.

3. Defendants may amend their answer and any affirmative defenses as and if permitted by Fed. R. Civ. P. 15.

4. The Parties may file any motions pursuant to Fed. R. Civ. P. 12(c).

E. Discovery

1. *Scope of Discovery.* Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

*Plaintiffs' Position:*

Plaintiffs require discovery of communication between and from Defendants regarding Plaintiffs through depositions and documents such as emails, text messages, and other digital forms of communication. Plaintiffs anticipate that discovery will be needed on the following subjects: Contracts between Plaintiffs and Defendants, communication from Defendants regarding Plaintiffs, Defendants' instructions regarding Plaintiffs, and testimony on Plaintiffs' emotional distress.

*Defendants' Position:*

Defendants require discovery of communication between and from Plaintiffs and Defendants, between Plaintiffs and relevant third parties, and between and from relevant third parties, through depositions and documents such as emails, text messages, and other digital forms of communication. Defendants may also require discovery of

6

electronic data from Plaintiffs and third parties regarding the dates and times Plaintiffs were present at a particular location or locations. Defendants anticipate that discovery will be needed on the following subjects: The allegations in Plaintiffs' Second Amended Complaint, including the veracity of statements made in the so-called "dossier" described in the Second Amended Complaint; positions (whether paying or voluntary) held by Plaintiffs at Yale Law School; Plaintiffs' communications with and applications to professors at Yale Law School involving Coker fellowships; Plaintiff Stubbs' decision to take a leave of absence from Yale Law School, including her employment during her leave of absence, the remuneration for her employment, and the career opportunities she has enjoyed due to her employment during the leave of absence; and other topics relating to Plaintiffs' alleged damages.

2. *Stay of Discovery.* Defendants intend to move to stay discovery pending resolution of their anticipated motion to dismiss (MTD) all counts of the Second Amended Complaint. Plaintiffs intend to oppose the motion to stay discovery.

3. *Discovery schedule following a stay.*

Plaintiffs do not believe discovery should be stayed pending resolution of the Defendants' MTD. The Parties, however, offer the following schedule in the event the Court grants Defendants' motion to stay discovery.

| Written discovery commences | 14 days after denial of MTD |
| Written discovery completed | 4 months after written discovery commences |
| Fact witness depositions commence | 14 days after denial of MTD |
| Fact witness depositions completed | 3 months after written discovery completed |

| | |
|---|---|
| Plaintiffs' damages analysis | 14 days after fact witness depositions completed |
| Plaintiffs disclose expert(s) and provide report(s) | 14 days after Plaintiffs' damages analysis |
| Defendants disclose expert(s) and provide report(s) | 30 days after Plaintiffs disclose expert(s) and provide report(s) |
| Plaintiffs provide any rebuttal expert report | 14 days after Defendants disclose expert(s) and provide report(s) |
| Deposition of Plaintiffs' expert(s) taken by Defendants | 30 days after deadline for Plaintiffs' expert rebuttal report(s) |
| Deposition of Defendants expert(s) taken by Plaintiffs | 30 days after deadline for depositions of Plaintiffs' expert(s) |

4. *Discovery schedule if no stay enters.*

The Parties propose:

| | |
|---|---|
| Written discovery commences | February 14, 2022 |
| Written discovery completed | June 14, 2022 |
| Fact witness depositions commence | February 14, 2022 |
| Fact witness depositions completed | September 14, 2022 |
| Plaintiffs' damages analysis | September 28, 2022 |
| Plaintiffs disclose expert(s) and provide report(s) | October 12, 2022 |
| Defendants disclose expert(s) and provide report(s) | November 11, 2022 |
| Plaintiffs provide any rebuttal expert report | November 25, 2022 |
| Deposition of Plaintiffs' expert(s) taken by Defendants | December 23, 2022 |
| Deposition of Defendants expert(s) taken by Plaintiffs | January 23, 2023 |

5. *Number of interrogatories and fact witness depositions.* The Parties do not anticipate serving more than 25 interrogatories but reserve the right to seek permission

8

to serve additional interrogatories. The Parties each anticipate taking up to 10 fact witness depositions.

6.  *E-discovery.* Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Documents shall mean the singular and plural of the term "Document," as defined in D. Conn. L. Civ. R. 26(c)(2). The parties shall continue to refine the above parameters and specifics of producing electronic information as discovery progresses, but the above shall guide the parties' efforts.

7.  *Mistaken production.* Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production. The inadvertent or mistaken production of documents or information subject to the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine, or protection shall not constitute a general, inadvertent, implicit, subject matter,

separate, independent or other waiver of such privilege, doctrine, and/or any other applicable protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privilege or protected communications. All documents or information containing any such inadvertently produced material or information shall be returned to disclosing counsel, along with any copies, excerpts, recitations, or iterations thereof. Such disclosure shall not be taken in any way as implicit or explicit authority or permission to use such information at any time.

8. *Other Scheduling Issues.* The Parties do not raise any other issues at this time.

9. *Summary Judgment Motions*

If the Court enters a stay of discovery pending the MTD and then denies the MTD, summary judgment motions will be filed within 45 days of the close of expert discovery. If the Court denies the motion to stay discovery pending the MTD, summary judgment motions will be filed by March 9, 2023.

10. *Joint Trial Memorandum.* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the Court's decision on a motion for summary judgment following the close of discovery.

**VI.   TRIAL READINESS**

The case will be ready for trial within 45 days of filing the Joint Trial Memorandum.

As officers of the Court, the undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: New Haven, Connecticut
　　　　January 19, 2022

By: /s/ *Andrew B. Bowman*
Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone:   (202) 259-0599
andrew@andrewbowmanlaw.com

John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*

By: /s/ *Jonathan M. Freiman*
Jonathan M. Freiman
Paul A. Tuchmann
**WIGGIN AND DANA LLP**
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
ptuchmann@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889
*Counsel for Defendants*

11