UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIERRA STUBBS and GAVIN JACKSON,<br><br>Plaintiffs,<br>v.<br><br>HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK, and YALE UNIVERSITY,<br><br>Defendants. | Case No. 3:21-cv-01525<br><br>April 11, 2022 |

**EMERGENCY MOTION TO EXTEND FACT DISCOVERY DEADLINES**

Pursuant to Local Rule 7(b), Defendants move for an extension of two fact discovery deadlines set forth in the Court's Scheduling Order and Case Management Plan (the "Scheduling Order"), ECF No. 32, in accordance with this proposed schedule:

| Discovery Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Service of Written Discovery Requests | April 15, 2022 | May 31, 2022 |
| Completion of Written Fact Discovery | June 14, 2022 | July 31, 2022 |

In support of this Motion, Defendants represent as follows:

1. On January 21, 2022, the Court issued the Scheduling Order, which set out the discovery schedule for this action.

2. On January 26, 2022, Defendants filed a corrected motion to stay discovery, ECF No. 34, in light of their then-anticipated motion to dismiss Plaintiffs' Second Amended Complaint.

3. The next day, January 27, 2022, the Court denied the motion as premature without prejudice to refiling, explaining "[t]he Court is unable to evaluate the merits of the motion to stay without the benefit of the motion to dismiss and any responses thereto." Order Mot. Stay, ECF No. 35.

4. On February 14, 2022, the parties exchanged affirmative disclosures under Federal Rule of Civil Procedure 26(a) in accordance with the Scheduling Order, ECF No. 32, and the Court's January 27, 2022 Order, ECF No. 35.

5. Also on February 14, 2022, Defendants filed their motion to dismiss, ECF No. 36. Plaintiffs filed their opposition on March 17, 2022, ECF No. 40, and Defendants filed their corrected reply on March 31, 2022, ECF No. 44. That motion is now fully briefed and pending.

6. On April 1, 2022, the day after filing the reply brief, Defendants filed their renewed motion to stay discovery pending the resolution of their motion dismiss, ECF No. 45, in accord with this Court's January 27, 2022 Order, ECF No. 35. Under Local Rule 7, any response by Plaintiffs is due on April 22, 2022, with any reply brief by Defendants due fourteen days later, i.e., May 6 if the opposition is filed on the last possible day.

7. To date, no discovery requests have been propounded by Plaintiffs or Defendants.

8. Under the current schedule, the parties would need to propound all written fact discovery—including requests for production of documents, interrogatories, and requests for admission—on April 15, 2022, three weeks before the motion to stay discovery is fully briefed.

9. A brief extension of the deadline to propound all written fact discovery, and a corresponding brief extension of the deadline to respond to that propounded discovery, would allow this Court to issue a decision on the motion to stay discovery *before* the parties devote significant time and resources to such discovery.

10. Moreover, because the deadline for propounding all written fact discovery does not distinguish between parties and non-parties, under the current deadline, both sides would also need to serve subpoenas duces tecum to non-parties who are strangers to this lawsuit, burdening them with the need to respond (and likely retain counsel) before this Court has decided whether such discovery should go forward at this time. In their Rule 26(a) initial disclosures, both Plaintiffs and Defendants identified several individuals who may have evidence relevant to this case.[1]

11. An extension of the written discovery deadlines in accordance with the proposed schedule would promote efficiency and could prevent unnecessary and expensive discovery, as it would allow the parties to finish briefing—and give the Court the opportunity to rule on—Defendants' renewed motion to stay discovery before the parties are required to propound their written discovery requests, potentially object to those requests, search for responsive documents, determine if they are responsive, make privilege determinations, and produce documents.

12. Defendants do not seek an extension of any other deadlines in the Scheduling Order. This motion does not seek any changes in the deadlines for, e.g., the completion of fact discovery, the completion of expert discovery, the joint trial memorandum, or joint status reports.

13. This is Defendants' first request for an extension of time for these deadlines and Defendants do not seek this extension for delay or any improper purpose.[2]

---

[1] Should the Court deny Defendants' request to extend the fact discovery deadlines, Defendants in the alternative respectfully request that the Court extend the deadlines for non-party document discovery, sparing non-parties from the time, effort, and expense of responding to subpoenas before this Court has had the opportunity to determine whether discovery should proceed at all.

[2] Defendants also note that the current April 15 deadline falls on Good Friday, a state holiday in Connecticut. April 15 is also the night when Passover begins; that day, counsel for Defendants are, respectively, either in transit for the holiday or preparing to host a seder. Moreover, the

14.     Counsel for Defendants wrote to counsel for Plaintiffs asking their position on this motion on the morning of Friday April 8, and heard back on the afternoon of Sunday April 10, with Plaintiffs indicating they do not consent.

15.     The motion is designated an Emergency motion because, absent an order granting this motion, the deadline to serve written discovery, including third-party written discovery, would expire this Friday, April 15—before briefing on this motion to extend would be complete.

WHEREFORE, Defendants respectfully request an extension of the fact discovery deadlines set forth in the Scheduling Order as follows, extending the deadline to serve written discovery requests from April 15, 2022 to May 31, 2022, and extending the deadline to complete written fact discovery from June 14, 2022 to July 31, 2022. No other deadlines would be moved.

**DEFENDANT YALE UNIVERSITY**

*/s/ Jonathan Freiman*
Jonathan M. Freiman (ct24248)
Paul A. Tuchmann (ct8018)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
ptuchmann@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

---

undersigned will present oral argument in person in Detroit to the Michigan Court of Appeals on April 12. The undersigned was also slated to present oral argument to the Second Circuit this week, on April 6, and devoted significant time to preparation until the Second Circuit canceled the argument the night before, shortly after opposing counsel in that matter filed a motion to withdraw their appeal.