John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:     (212) 374-5401
Facsimile:     (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*

Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone: (202) 259-0599
andrew@andrewbowmanlaw.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **SIERRA STUBBS** and **GAVIN JACKSON**,<br><br>Plaintiffs,<br><br>– against –<br><br>**HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK,** and **YALE UNIVERSITY**<br><br>Defendants. | Case No. 3:21-cv-01525<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO EXTEND FACT DISCOVERY DEADLINE** |

Plaintiffs Sierra Stubbs ("Stubbs") and Gavin Jackson ("Jackson") hereby respectfully oppose, pursuant to D. Conn. L. Civ. R. 7(b), the Emergency Motion to Extend Fact Discovery Deadlines (Dkt. No. 46, the "Motion") filed by Defendants Heather Gerken ("Gerken"), Ellen Cosgrove ("Cosgrove"), Yaseen Eldik ("Eldik"), and Yale University ("Yale").

1. Plaintiffs respectfully request that the Court maintain the existing discovery schedule, rather than alter deadlines that have been in place for more than two months—and which Defendants sought to extend only four days before the deadline—because Defendants have not shown good cause under the terms of the Scheduling Order and Case Management Plan (Dkt. No. 32, the "Scheduling Order"). Further, the date that Defendants seek to extend is the *service* of written discovery requests—not the gathering or production of any documents. Maintaining the existing deadline (which Defendants agreed to in the first place) presents no prejudice to Defendants, and certainly not one justifying a month-and-a-half extension to discovery deadlines that will apply regardless of whether the Court grants Defendants' stay motion.

*Relevant Procedural History*

2. The Court set the existing discovery schedule on January 21, 2022, including the two deadlines that Defendants seek to extend: service of written discovery requests, currently due April 15, and completion of written discovery, due June 14. (Dkt. No. 32.) These dates were mutually agreed to by the parties.

3. Five days later, on January 26, Defendants moved to stay discovery, which the Court denied as premature due to being filed before motions to dismiss were briefed.

2

(Dkt. Nos. 34–35.) In its denial, the Court noted that to the extent Defendants were attempting to "avoid their initial disclosure obligations," due then 26 days later on February 14, that date had been "chosen by the parties." (Dkt. No. 35.)

4. After Defendants' motion to dismiss was fully briefed, on April 1, 2022, Defendants renewed their motion to stay discovery, which under local rules would be fully briefed on May 6—three weeks *after* the April 15, 2022, deadline to serve written discovery requests. (Dkt. No. 45.) Despite this deadline existing at that time, Defendants made no mention of it in their brief or took any other action to modify that deadline.

5. Defendants took no action until a week later on April 8, 2022, when they wrote to Plaintiffs requesting an extension of the upcoming discovery dates. Plaintiffs responded that they believed further modification to the discovery schedule was inappropriate. Defendants moved for an emergency extension on April 11. (Dkt. No. 47.)

*The Court Should Not Grant Defendants' Emergency Motion Because They Have Not Shown Good Cause as Required by the Scheduling Order*

6. The Scheduling Order states that all dates set forth in the Order will be "extended only for good cause." (Dkt. No. 32 at 5.) Good cause here requires "a particularized showing that, despite due diligence, the party seeking the extension could not comply" with the Order. (*Id.*) Further, a motion to extend an interim discovery deadline "will not be granted unless the movant shows that discovery was *commenced promptly* and pursued with due diligence in a good faith effort to comply with the deadline." (*Id.*)

7. Defendants have not shown good cause under this standard. Defendants

3

have offered no reason at all for why they cannot serve written discovery requests on April 15 except (1) that they should not have to in case the Court grants Defendants' discovery stay request; and (2) in a footnote, that Defendants' counsel had scheduling conflicts last week and have them on April 15 itself. (Motion at 3.) But Defendants have known of this deadline for more than two months, and they have had ample time to prepare, including serving such requests earlier if they anticipated difficulty. Defendants will suffer no hardship nor prejudice by complying with these existing deadlines.

8.     Nor is such an extension necessary, as Defendants argue, to allow the Court to decide Defendants' stay motion before devoting "significant time and resources to such discovery." (*Id.* at 4.) Propounding requests does not require significant resources, especially if granted on the eve of such deadline, when such work will presumably already have been done (especially given Defendants' counsel's stated conflict on April 15 itself). The lengthy extension that Defendants seek—pushing the time to propound discovery to May 31—would only delay initial discovery and compress the time for resolution of any paper discovery disputes and for depositions in the event that Defendants' stay motion is denied. If Defendants' emergency extension request is denied and its stay motion is granted, no harm is done: Defendants simply have served written discovery requests which they have had more than two months to prepare for.

WHEREFORE, Plaintiffs respectfully request the Court deny Defendants' Motion.

Dated: New Haven, Connecticut
April 14, 2022

By: */s/ Andrew B. Bowman*
Andrew B. Bowman
**LAW OFFICES OF ANDREW B. BOWMAN**
1804 Post Road East
Westport, Connecticut 06880
Telephone:   (202) 259-0599
andrew@andrewbowmanlaw.com

John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*