**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SIERRA STUBBS and GAVIN JACKSON,<br><br><br>                              Plaintiffs,<br>v.<br><br>HEATHER GERKEN, ELLEN COSGROVE,<br>YASEEN ELDIK, and YALE UNIVERSITY,<br><br>                              Defendants. | Civ. No. 3:21CV01525(SALM)<br><br><br>May 5, 2022 |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF**
**MOTION TO STAY DISCOVERY**
**PENDING RESOLUTION OF MOTION TO DISMISS**

# INTRODUCTION

There is no dispute this Court has broad discretion to stay discovery.  "It is axiomatic that [a] trial court enjoys wide discretion in its handling of pre-trial discovery," *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004) (Sotomayor, J.),[1] as this Court has "broad discretion to stay proceedings as an incident to its power to control its own docket," *see, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  And Federal Rule of Civil Procedure 26(c) gives this Court "sound discretion" to stay discovery for good cause.  *See, e.g.*, *Kalra v. Adler Pollock & Sheehan, P.C.*, 3:20-cv-01393-KAD, ECF No. 28 (D. Conn. Mar. 16, 2021) (attached to Mot. Stay, ECF No. 45, as Ex. A).  Courts in this District appropriately stay discovery for good cause "to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims."  *See, e.g.*, *ITT Corp. v. Travelers Cas. & Surety Co.*, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012).

Defendants' motion to stay discovery pending the resolution of their motion to dismiss (the "Motion") shows why good cause exists here.  It details why the pending motion to dismiss raises substantial grounds for dismissal, why Plaintiffs' anticipated discovery would significantly burden Defendants and the community they serve (and perhaps the Court), and why Plaintiffs would suffer no prejudice from the brief stay.

Plaintiffs respond by running.  They run from this Court's standard on motions to stay, wrongly claiming that Defendants must show that their motion to dismiss will be granted, when caselaw only requires a showing that there are "substantial" and "not unfounded" grounds for dismissal.  They run from their allegations in the Second Amended Complaint, ECF No. 30, not

---

[1] Throughout this brief, emphasis is added and internal quotation marks, citations, alterations, ellipses and brackets are omitted unless otherwise indicated.

1

once citing them in responding to Defendants' arguments, which Plaintiffs largely ignore.  And they run from their own statements in the parties' Rule 26(f) report, claiming that they should not be taken at their word with respect to the broad discovery that they swore to this Court that they anticipated.

For the reasons below and in the Motion, this Court should exercise its "considerable discretion," *see Nowacki v. Town of New Canaan*, 2017 WL 11441480, at *1 (D. Conn. Jan. 5, 2017), to stay discovery until it resolves the motion to dismiss.

## ARGUMENT

### I.    Defendants' Motion to Dismiss Raises Substantial Grounds for Dismissal.

Defendants' arguments in favor of dismissing all of Plaintiffs' claims with prejudice are substantial and well-founded.  Plaintiffs' opposition does nothing to alter this conclusion.

### A.    Plaintiffs Misunderstand this Court's Standard on Motions to Stay.

As an initial matter, Plaintiffs misread this Court's standard on motions to stay discovery.[2]  First, while they assert "Defendants' Motion must be denied because they will not prevail on their Motion to Dismiss," (Opp. Mot. Stay, ECF No. 52 at 7), this Court need not "predict the outcome of [a] motion to dismiss" when deciding a motion to stay.  *See ITT Corp.*, 2012 WL 2944357, at *3.  What matters is whether Defendants' arguments for dismissal are "substantial and not unfounded in the law."  *See id.*; *accord, e.g.*, *Cuartero v. United States*, 2006 WL 3190521, at *2 (D. Conn. Nov. 1, 2006) (staying discovery pending the outcome of a motion to dismiss and explaining "[t]he court expresses no opinion as to the *outcome* of the Motion to

---

[2] This Court applies federal law when deciding a motion to stay discovery.  Fed. R. Civ. P. 26(c)(1)(a).  (*Contra* Opp. Mot. Stay, ECF No. 52 at 1–2.)

Dismiss, but the defendant's memorandum of law does appear to raise substantial issues based on statutes, caselaw and the facts of this case.").

Second, whether "it is likely that Plaintiffs will discover information related to their claims" (Opp. Mot. Stay 8) is also irrelevant.  Whether evidence "related" to a claim might exist has no bearing on whether a plaintiff has *stated* a claim, and no relation at all to whether a defendant has set out "substantial" and "not unfounded" grounds for dismissal.  Plaintiffs cite no case showing it does.[3]  That is not surprising.  The underlying question is whether it's worth pausing discovery because the motion to dismiss could eliminate or meaningfully narrow the suit.  The motion to dismiss turns on the legal sufficiency of the pleadings, not on whether plaintiffs might someday find evidence to support legally inadequate pleadings.  If the pleadings are legally insufficient, then factual evidence supporting the pleadings makes no difference.  Plaintiffs' position here untethers the two.  Moreover, it would allow plaintiffs to defeat virtually every motion to stay. After all, a plaintiff can almost always say that a defendant possesses *some* information relevant to the lawsuit.  The only time a plaintiff could not say that is if a defendant was sued entirely randomly, i.e., if a plaintiff deliberately violated Rule 11.

The law does not support Plaintiffs' position. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Filing a lawsuit does not automatically entitle a plaintiff to discovery; if

---

[3] Plaintiffs' citation of *Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65 (D. Conn. 2010) is inapposite.  (*See* Opp. Mot. Stay 8.)  There, this Court denied a motion to stay pending not a motion to dismiss for failure to state a claim, but rather a motion for summary judgment, on which a plaintiff can rely on evidence obtained through discovery.  *See Morien*, 270 F.R.D. at 67 (converting a motion to dismiss into a motion for summary judgment and reasoning the plaintiff "ought to be given a reasonable opportunity to present all the material that is pertinent to the motion").  The Court does not rely on such discoverable facts in resolving the pending motion to dismiss.

that were so, then "a plaintiff with a largely groundless claim [would] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

**B.     Plaintiffs' Threadbare Opposition Shows Why Defendants' Arguments for Dismissal Are Well-Founded and Substantial.**

Plaintiffs have not shown that Defendants' arguments for dismissal are insubstantial. Their opposition to the motion to stay—like their opposition to the motion to dismiss, ECF No. 40—weaves between reiterating and misrepresenting the threadbare allegations of their complaint. They offer little by way of argument or law.

What best illustrates the substantial nature of Defendants' arguments is the fact that Plaintiffs largely disregard them. For example, they ignore Defendants' arguments that:

- Plaintiffs' breach of contract claim fails because the Policy—the contract that Defendants allegedly breached—was not in effect when the breach allegedly occurred[4] (Mot. Stay 6);

- Plaintiffs' promissory estoppel claim impermissibly duplicates their breach of contract claim because they allege no promise made other than the Policy (*id.* at 8);

- Plaintiffs' tortious interference claim fails because they do not allege that any YLS professor denied their Coker Fellowship applications or that they applied for clerkships (*id.* at 10);

---

[4] When quoting the Policy, Plaintiffs continue to omit the language concerning "protected characteristics," even though it is critical to understanding the Policy and one of Defendants' arguments for dismissal. (*See, e.g.*, Reply Supp. Mot. Dismiss, ECF No. 44 at 3–4.)

- Plaintiffs' defamation claim is meritless as to the sharing of the "dossier" because Cosgrove and Gerken's alleged statements were merely evaluative statements of opinion, and Bell's alleged statements cannot be imputed to Yale under the doctrine of respondeat superior (*id.* at 11);

- Plaintiffs' Privacy Claims do not plausibly allege that Defendants shared the "dossier" with more than one person (*id.* at 8), and the unreasonable publicity claim fails because the contents of the "dossier" have attracted significant public interest (*id.* at 9); and

- Plaintiffs' IIED claim fails because they never aver they were either treated for their alleged emotional distress or suffered from it for an extended period of time (*id.* at 9–10).

When Plaintiffs do respond to Defendants' arguments, those responses do not render Defendants' arguments insubstantial or unfounded. For example, in arguing that Defendants retaliated against them for "refus[ing] to lie to support the University's conclusory investigation" (Opp. Mot. Stay 8), Plaintiffs confirm they do not allege retaliation against Defendants for reporting harassment or discrimination based any "protected characteristics" listed in the Policy (Mot. Stay 6–7). And in arguing that they "alleged a claim for [IIED]" because Defendants' conduct was "extreme and outrageous" (Opp. Mot. Stay 10), Plaintiffs cite neither their pleading nor any caselaw suggesting that their claim clears the strictly-construed requirement that Defendants' conduct be found "extreme and outrageous" (Mot. Stay 9 (citing *Saliga v. Chemtura Corp.*, 2015 WL 5822589, at *21 (D. Conn. Oct. 1, 2015)).)

## II.     The Breadth and Burden of Discovery Weigh in Favor of a Stay.

Defendants showed in the Motion that a stay would prevent "expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *See ITT Corp.*, 2012 WL 2944357, at *2. (*See* Mot. Stay 14). Plaintiffs weakly counter

by asking this Court to ignore their own docketed statements regarding discovery and running from their own counsel's record.

First, they contend that it is not "appropriate" for this Court to determine the breadth of Plaintiffs' anticipated discovery "without first seeing exactly what it is Plaintiffs are requesting." (Opp. Mot. Stay 11.)  But it makes no sense for a court to wait until discovery has begun— dragging not only the parties but also third parties into the case—to decide whether to stay discovery pending a motion to dismiss.  For that reason, courts in this District grant motions to stay discovery when appropriate not only before discovery requests are served, but even before discovery deadlines are set.  *See, e.g.*, *Lee v. Yale Univ.*, 3:21-cv-00389-SALM, ECF No. 26 (D. Conn. Aug. 10, 2021) (granting a motion to stay before the Court issued a scheduling order); *Kalra*, 3:20-cv-01393-KAD, ECF No. 28 (granting a motion to stay before the parties filed a Rule 26(f) report); *Pro Music Rights, LLC v. Apple Inc.*, 3:20-cv-00309-JAM, ECF No. 164 (D. Conn. Sept. 2, 2020) (granting a motion to stay before the Court issued a scheduling order). Plaintiffs' argument would make motions to stay mostly useless.  If a motion to stay were premature whenever plaintiffs have not revealed "exactly what it is [they] are requesting" (Opp. Mot. Stay 11), then it would remain premature even at the end of written discovery.  At that point, plaintiffs' intentions on the number of fact depositions would still, under Plaintiffs' logic, be unknown, since deposition notices would not yet have been served.  On Plaintiffs' theory, only *then* could this Court fully ascertain the scope of their discovery and determine if a stay was warranted.  That makes no sense.  As this Court has already noted, the proper time to resolve a motion to stay discovery is now, after briefing on the motion to dismiss, *see* Order Mot. Stay, ECF No. 35, but before the deadline for making written discovery demands, *see* Order Mot.

6

Extension, ECF No. 50 (extending the document discovery deadlines "[i]n order for any . . . stay, if eventually ordered, to have any meaningful effect").

Second, this Court can determine the breadth of anticipated discovery by looking to Plaintiffs' own statements in the Rule 26(f) report.  Plaintiffs note that the report only indicates that they "*intend* to take ten depositions."  (Opp. Mot. Stay 11.)  They imply that maybe they will take fewer than ten—though they do not commit to that.[5]  But there is no reason to ignore what, just a few weeks ago, they said they "intend[ed]" to do.  The Rule 26(f) report contains Plaintiffs' position on the breadth of discovery—a position the Federal Rules required them to provide in good faith.  *See* Fed. R. Civ. P. 26(f)(2).  Defendants relied on Plaintiffs' position in "attempting in good faith to agree" on the report, *id.*, and the Court reviewed Plaintiffs' position in the report before issuing the Scheduling Order & Case Management Plan, ECF No. 32.  It makes sense to credit Plaintiffs' own statements in the Rule 26(f) report.  *See Pro Music Rights*, 3:20-cv-00309-JAM, ECF No. 164 (finding, based on the parties' Rule 26(f) report, that "the discovery [plaintiff] intends to seek is expansive and burdensome," and granting the defendants' motion to stay).[6]

---

[5] They do not disavow their intent to take multiple depositions of third parties, including Yale students, Yale faculty, and Yale administrators—among them Yale's President and Provost.  Nor do they disavow their intent to take depositions of people outside of Yale.  And they do not disavow their intent to seek broad document discovery.

[6] Plaintiffs' cases are not persuasive.  *Waterbury Hospital v. U.S. Foodservice Inc.*, 2007 WL 328899 (D. Conn. Feb. 1, 2007), is contradicted by considerably more recent caselaw, *see, e.g.*, *Lee*, 3:21-cv-00389-SALM, ECF No. 26; *Kalra*, 3:20-cv-01393-KAD, ECF No. 28; *Pro Music Rights*, 3:20-cv-00309-JAM, ECF No. 164, and while the *Waterbury Hospital* court found the defendant's motion to dismiss unlikely to resolve any of the plaintiffs' claims, it did so under the pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957), that was later rejected in *Iqbal* and *Twombly, see Waterbury Hosp.*, 2007 WL 328899, at *2.  And while the Court found a stay would prejudice the plaintiffs, it did so in part because the defendant was in the process of being sold, making it more likely relevant documents would be lost or destroyed.  *Id.*  Yale will not be sold.  *Brooks v. Macy's, Inc.*, 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010), is likewise unhelpful

Moreover, Plaintiffs seek to avoid having this Court consider another judge's experience with Plaintiffs' counsel in *Kalra v. Adler Pollock & Sheehan P.C.*, 3:18-cv-00260-KAD (D. Conn.). There, the Court sanctioned the plaintiffs for an "egregious course of conduct," where they failed to comply with three separate discovery orders. *See Kalra*, 3:18-cv-00260-KAD, ECF No. 132 (D. Conn. Jan. 25, 2021) (attached to Mot. Stay as Ex. B) at 1, 5–9, 12–15. Plaintiffs note correctly that Plaintiffs' counsel was not *personally* sanctioned by the Court. But they ignore the fact that Plaintiffs' counsel was the *Kalra* plaintiffs' *only lawyer* when they committed the sanctioned discovery abuses. (*See* Mot. Stay 12 & n.4.) And while Plaintiffs' counsel later withdrew as counsel due to an "irretrievable breakdown" between him and the plaintiffs, *see Kalra*, 3:18-cv-00260-KAD, ECF No. 132 at 8 n.4, he did not withdraw until September 2020—long after his clients had defied the *Kalra* court three times, *see Kalra*, 3:18-cv-00260-KAD, ECF No. 109. Even more importantly, this "breakdown" did not occur until *after* the hearing on the sanctions motion concerning the misconduct noted above. *See Kalra*, 3:18-cv-00260-KAD, ECF No. 132 at 8 n.4.

### III.    Plaintiffs Would Not Be Prejudiced by a Brief Stay.

Finally, Plaintiffs do not show they will be prejudiced by a stay. They argue generically that there will be "further erosion of the witnesses' memory and evidence they need to bring their claims against Defendants."[7] (Opp. Mot. Stay 12.) But the risks of memories fading and

---

to Plaintiffs. There, the defendant had not only filed a motion for judgment on the pleadings, but also a motion to remand one of the plaintiff's claims to an ERISA plan administrator, and the court based its denial of a stay in significant part on the fact that "[e]ven if the remand that defendant seeks is granted, the non-deposition discovery will have to be conducted after the administrator renders his or her decision," so "it is probably inevitable that the discovery will be conducted at some time." *Id.* at *1–2.

[7] Plaintiffs cite an old case from a very different context: *Connecticut ex rel. Blumenthal v. BPS Petroleum Distributors, Inc.*, 1991 WL 177657 (D. Conn. July 16, 1991). There, a defendant

evidence disappearing are inherent in every litigation, s*ee In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (finding "plaintiffs' assertions that . . . witnesses' memories fade with the passage of time" and documents could be destroyed by non-parties "are the usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery"), so if discovery must go forward to account for them, no motion to stay could ever be granted.  Without some reason why these common concerns have special bearing here, they should not weigh against granting Defendants' motion to stay. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (concluding "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion" because the plaintiffs did not "provide[] any specific examples of evidence that may become stale or witnesses whose memories may fade during the stay"); *see also ITT Corp.*, 2012 WL 2944357, at *3–4 (finding the plaintiff's "suggestion of prejudice" from a delay of discovery "because evidence might be lost" did "not countervail" the substantial grounds for dismissal in the defendant's motion to dismiss and the fact that discovery would be "time-consuming, burdensome and expensive").

## CONCLUSION

This Court should stay discovery pending the resolution of Defendants' pending and fully-briefed motion to dismiss.

---

had moved for a stay pending the conclusion of criminal proceedings against him that had only just begun, a stay that the Court noted would be "indefinite." *See id.* at *1–2.  Here, by contrast, Defendants seek a stay only pending the resolution of a single, already-briefed motion. Moreover, in *BPS*, no dispositive motion was pending and the Court applied a different standard, considering factors such as "convenience of the Court" and the "public interest." *See id.*.

Respectfully submitted,

*/s/ Jonathan M. Freiman*

Paul A. Tuchmann (ct8128)
Jonathan M. Freiman (ct24248)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
ptuchmann@wiggin.com
jfreiman@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

**Counsel for Defendants**

490\301\4854-5220-1502.v1