```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
SIERRA STUBBS and             :      No. 3:21CV01525(SALM)
GAVIN JACKSON                 :
                              :
v.                            :
                              :
HEATHER GERKEN, ELLEN         :
COSGROVE, YASEEN ELDIK,       :
and YALE UNIVERSITY           :      May 12, 2022
                              :
------------------------------x
```

### RULING ON DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS [Doc. #45]

Defendants Heather Gerken, Ellen Cosgrove, Yaseen Eldik, and Yale University (collectively "defendants") have filed a renewed motion[1] seeking "to stay discovery until the resolution of their fully-briefed motion to dismiss." Doc. #45 at 8.[2] Plaintiffs Sierra Stubbs and Gavin Jackson (collectively "plaintiffs") have filed a memorandum in opposition to defendants' motion [Doc. #52], to which defendants have filed a reply [Doc. #54]. For the reasons stated below, defendants'

---

[1] Defendants previously filed a motion to stay discovery pending the resolution of their then "anticipated" motion to dismiss. Doc. #34 at 1 (capitalizations altered). The Court denied that motion, without prejudice, as premature because the Court was "unable to evaluate the merits of the motion to stay without the benefit of the motion to dismiss and any responses thereto." Doc. #35.

[2] Throughout this Ruling, the Court cites to the page number reflected in a document's ECF heading.

1

Renewed Motion to Stay Discovery Pending the Resolution of the Motion to Dismiss [**Doc. #45**] is **GRANTED**.

I. **Background**

The Court presumes familiarity with the factual background of this matter. See Doc. #29 (Ruling on Motion for Protective Order). In sum, plaintiffs, each of whom is or was a student at Yale Law School, allege that two deans of the Yale Law School, along with the Law School's Director of Diversity, Equity and Inclusion, "worked together in an attempt to blackball" plaintiffs from the prestigious job opportunities that are often available to Yale Law School students. Doc. #30 at 2, ¶1. Plaintiffs allege that defendants "attempt[ed] to blackball" them from such opportunities "as retaliation" for plaintiffs "refusing to lie" in connection with Yale University's investigation of a law school professor. Id.; see also id. at 2-4 (preliminary statement). Plaintiffs proceed pursuant to a Second Amended Complaint asserting claims against defendants for: (1) breach of contract; (2) promissory estoppel; (3) intentional interference with prospective business relationship; (4) defamation; (5) unreasonable publicity; (6) false light; and (7) intentional infliction of emotional distress ("IIED"). See generally Doc. #30 at 16-21.

On February 15, 2022, defendants filed a motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). See generally Doc. #36. Defendants contend, inter alia, that:

- Plaintiffs have not adequately alleged a breach of the Yale Policy Against Discrimination and Harassment (the "Policy") because: "(1) the Policy did not exist when the events Plaintiffs complain of took place; (2) Plaintiffs do not allege they were retaliated against for complaining of harassment at all; and (3) they do not allege they were retaliated against for complaining of the type of harassment prohibited by the Policy." Doc. #36-1 at 18.

- Plaintiffs' "promissory estoppel claim fails because it impermissibly duplicates [plaintiffs'] breach of contract claim." Id. at 26.

- Plaintiffs' intentional interference claim fails because: "Plaintiffs do not allege a business relationship with any third party except for the Professor and do not allege that they suffered any actual loss as a result of Defendants' supposed interference." Id. at 29.

- Plaintiffs' defamation claim fails because, inter alia, plaintiffs' claim centers on statements of opinion rather than facts. See id. at 34-37.

- Plaintiffs' unreasonable publicity and false light claims "fail because Plaintiffs do not allege that the 'dossier' was ever publicized." Id. at 38.

- Plaintiffs' IIED claim fails because the conduct complained of was not extreme and outrageous, and plaintiffs have not plausibly alleged that they have suffered severe emotional distress. See id. at 43-46.

Plaintiffs filed a memorandum in opposition to the motion to dismiss on Mach 17, 2022, contending, in relevant part: (1)

3

plaintiffs have adequately alleged a breach of contract claim because "Yale retaliated after [plaintiffs] refused to make false statements" against a professor, Doc. #40 at 6; (2) "Plaintiffs have alleged a defamation claim against all defendants because Defendants presented the Dossier as factual evidence[,]" id. at 7 (sic); (3) defendants tortiously interfered with plaintiff's prospective business relationships by disseminating the dossier to the public and to at least one Yale professor, see id. at 8; (4) "Plaintiffs have alleged claims for publicity and false light because Defendants broadcasted the Dossier — which concerns the private lives of [plaintiffs] — to the public[,]" id. (sic); and (5) "Plaintiffs have alleged a claim for [IIED] because Defendants' retaliatory conduct was extreme and outrageous and was designed to cause [plaintiffs] severe emotional pain[.]" Id.

In reply, defendants contend that plaintiffs have attempted to "re-frame the story[]" and "misrepresent their own allegations." Doc. #44 at 2.

Relying on the asserted strength of their motion to dismiss, defendants request that the Court stay all discovery in this matter pending the resolution of that motion. See generally Doc. #45.

4

## II. Applicable Law

"A request for a stay of discovery is treated as a request for a protective order under Rule 26(c)." Stanley Works Israel Ltd. v. 500 Grp., Inc., No. 3:17CV01765(CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018); see also Fed. R. Civ. P. 26(c)(1)(A) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the ... discovery[.]"). "A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause." ITT Corp. v. Travelers Cas. & Sur. Co., No. 3:12CV00038(RNC)(DFM), 2012 WL 2944357, at *2 (D. Conn. July 19, 2012) (quotation marks and citation omitted). "The party seeking the stay bears the burden of showing that good cause exists for its request." Stanley Works, 2018 WL 1960112, at *2.

"In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess the particular circumstances and posture of each case." Al Thani v. Hanke, No. 20CV04765(JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (citation and quotation marks omitted). When "determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2)

the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." Lithgow v. Edelmann, 247 F.R.D. 61, 62 (D. Conn. 2007).

Although "no one factor is dispositive[,]" Morgan Art Found. Ltd. v. McKenzie, No. 18CV04438(AT)(BCM), 2020 WL 6135113, at *3 (S.D.N.Y. Oct. 18, 2020), generally "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citation and quotation marks omitted).

### III. Discussion

Defendants contend that the Court should stay discovery pending the resolution of the motion to dismiss because: (1) the motion to dismiss raises "well-founded and substantial[]" arguments in favor of dismissal, Doc. #45 at 11; (2) "the breadth of the anticipated discovery[]" weighs in favor of a stay, id. at 17; and (3) "Plaintiffs would not suffer any prejudice from a stay of discovery, as there is no compelling need for immediate discovery." Id. at 19. Plaintiffs contend, in pertinent part, that: (1) defendants "will not prevail on their Motion to Dismiss[,]" Doc. #52 at 10; (2) "Defendants have not

6

met their burden to demonstrate that the breadth of discovery and burden of responding to it warrants a stay of discovery[,]" id. at 13; and (3) plaintiffs will be prejudiced if the Court stays discovery. See id. at 15. Defendants reply that plaintiffs have failed both to acknowledge the relevant standard at issue and to meaningfully respond to defendants' substantive arguments. See generally Doc. #54.

    A.   The Strength of Defendants' Motion to Dismiss

The Court first considers the strength of defendants' motion to dismiss. Contrary to plaintiffs' assertion, the question is not whether defendants "will prevail on their Motion to Dismiss." Doc. #52 at 10. Rather, the Court considers whether defendants have made "substantial arguments in favor of dismissal[.]" Valentini v. Grp. Health Inc., No. 20CV09526(JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021).

As previously noted, defendants have filed a motion to dismiss the Second Amended Complaint on the grounds that it fails to state a claim upon which relief may be granted. See generally Doc. #36. Plaintiffs have opposed that motion [Doc. #40], and defendants have replied [Doc. #44]. The Court has thoroughly reviewed the motion to dismiss briefing, in addition to the briefing addressing the motion to stay.

Although the Court "does not presume to predict the outcome of the motion to dismiss[,]" the motion to dismiss briefing suggests that there are several substantial arguments for at least partial dismissal of this action, which arguments are "not unfounded in the law." ITT Corp., 2012 WL 2944357, at *3; see also id. ("This court does not presume to predict the outcome of the motion to dismiss. However, on the record before the court, the defendant's arguments are substantial and not unfounded in the law." (citation and quotation marks omitted)); Al Thani, 2021 WL 23312, at *1 ("Although the Court declines to rule on the merits of the motion at this stage, it appears from Rogers's briefing that he has made several substantial arguments for the dismissal of this suit."). It is also significant to the Court's analysis that plaintiffs did not address certain aspects of defendants' motion to dismiss briefing in their opposition memorandum. See Doc. #54 at 5-6.

Accordingly, this first factor supports a finding of good cause to stay discovery pending the adjudication of the motion to dismiss.

  B. <u>The Breadth of Discovery Sought</u>

Second, the Court considers "the breadth of discovery sought and the burden of responding to it." Johnson, 205 F.R.D. at 434 (citation and quotation marks omitted).

Defendants contend that the Court should stay discovery pending the resolution of the motion to dismiss "because of the breadth of the anticipated discovery." Doc. #45 at 17. Relying on the Rule 26(f) Report of the Parties' Planning Meeting, defendants assert that plaintiffs "intend to take ten depositions[,]" which would "begin immediately[.]" Doc. #45 at 18; see also Doc. #31 (Rule 26(f) Report). Defendants assert that "[e]ven narrowing the litigated claims would substantially diminish the cost and burden of discovery for both sides[.]" Doc. #45 at 19.

Plaintiffs respond that because they have not yet served any written discovery requests or noticed any depositions, "Defendants lack a specific, factual basis to support their claim that Plaintiffs will seek broad discovery necessitating a discovery stay." Doc. #52 at 14.

In reply, defendants assert that "courts in this District grant motions to stay discovery when appropriate not only before discovery requests are served, but even before discovery deadlines are set." Doc. #54 at 7. Although this is true in a procedural sense, the cases relied on by defendants for this point are not persuasive given the circumstances here. For example, in Kalra v. Adler Pollock & Sheehan, P.C., Judge Kari A. Dooley granted a motion to stay discovery before the parties

9

filed a Rule 26(f) Report. See Kalra, No. 3:20CV01393(KAD), 2021 WL 6498259, at *1 (D. Conn. Mar. 16, 2021). But in that case, plaintiff's initial disclosures "attached literally thousands of documents which support the claims asserted in th[at] action[.]" Id. at *5. No similar showing has been made here. Additionally, and by way of further example, in Pro Music Rights, LLC v. Apple Inc., No. 3:20CV00309(JAM) (D. Conn. Sept. 2, 2020), Judge Jeffrey A. Meyer granted a stay of discovery before the entry of a scheduling order where the discovery sought by plaintiff was "expansive and burdensome, including broad discovery topics and 40 depositions." Pro Music Rights, Doc. #164 (endorsement order). Again, there has been no showing by defendants that plaintiffs seek this type of expansive discovery.

"To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). (citation and quotation marks omitted). Defendants have not set forth a particular and specific demonstration of fact establishing that plaintiffs' "anticipated" discovery would be unduly burdensome. However, given the substantial arguments in support of dismissal, there is a real possibility that plaintiffs' claims could be narrowed after a resolution of the

motion to dismiss. Even if the Court partially dismisses the Second Amended Complaint, the resulting scope of discovery would likely be narrowed, and the costs and burden associated therewith reduced. See Spinelli v. Nat'l Football League, No. 13CV07398(RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.").

Accordingly, this second factor is neutral as to a finding of good cause to stay discovery pending the adjudication of the motion to dismiss.

### C. Prejudice to Plaintiffs

Last, the Court considers whether plaintiffs would be prejudiced by a stay of discovery. Defendants assert: "Plaintiffs would not suffer any prejudice from a stay of discovery, as there is no compelling need for immediate discovery." Doc. #45 at 19. Plaintiffs assert that they would be prejudiced by a stay of discovery because "[a]ny further delay in bringing Plaintiffs' claims risks further erosion of the witnesses' memory and evidence they need to bring their claims against Defendants." Doc. #52 at 15. Defendants respond that

11

plaintiffs have not presented any "reason why these common concerns have any special bearing here[.]" Doc. #54 at 10.

It is unlikely that plaintiffs will suffer any meaningful prejudice from a further delay given that this case has been pending for nearly six months and plaintiffs have admittedly chosen not to serve any discovery or to notice any depositions to date. See Doc. #52 at 14. "The Court acknowledges that a stay will prejudice Plaintiff, but it is not convinced, especially given how long this suit has already dragged on without significant movement, that any prejudice outweighs the other factors favoring a stay." Granite Commc'ns, Inc. v. One Commc'ns Corp., No. 3:07CV01354(PCD), 2008 WL 11381494, at *1 (D. Conn. Apr. 24, 2008). Indeed, the prejudice claimed by plaintiff is "no more ... than any other litigant seeking prompt resolution of its claims." Stanley Works, 2018 WL 1960112, at *3.

Accordingly, because plaintiffs will not suffer any significant prejudice from a delay of discovery, this final factor supports a finding of good cause to stay discovery pending the adjudication of the motion to dismiss. See Spinelli, 2015 WL 7302266, at *2 ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.").

In sum, two of the three factors considered by the Court support a finding of good cause to stay discovery pending the adjudication of the motion to dismiss. Therefore, the Court **GRANTS** defendants' request to stay discovery pending the resolution of the motion to dismiss.

### IV. Conclusion

For the reasons stated, defendants' Renewed Motion to Stay Discovery Pending the Resolution of the Motion to Dismiss [**Doc. #45**] is **GRANTED**.

The Court will issue a Revised Scheduling Order and Case Management Plan after its ruling on the motion to dismiss, if appropriate.

It is so ordered at Bridgeport, Connecticut, this 12th day of May, 2022.

                                           /s/
                                  HON. SARAH A. L. MERRIAM
                                  UNITED STATES DISTRICT JUDGE