UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIERRA STUBBS and GAVIN JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK, and YALE UNIVERSITY,<br><br>Defendants. | Case No. 3:21-cv-01525-JBA |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Heather Gerken ("Gerken"), Ellen Cosgrove ("Cosgrove"), Yaseen Eldik ("Eldik"), and Yale University ("Yale," and together with Gerken, Cosgrove, and Eldik, "Defendants"), by and through their attorneys, hereby answer Plaintiffs Sierra Stubbs ("Stubbs") and Gavin Jackson's ("Jackson") Second Amended Complaint ("SAC"), ECF No. 30. Except for the specific allegations or portions of allegations expressly admitted to below, Defendants deny each and every other allegation, portion of allegation, and characterization of facts in the SAC, and specifically deny any and all wrongdoing or liability to Plaintiffs. To the extent a response is required to the table of contents, headings, titles, added emphases, footnotes, and any unnumbered paragraphs in the SAC, Defendants deny any and all allegations contained therein.

**PRELIMINARY STATEMENT**

1. Denied.

2. Denied.

3. Denied, except admitted that a non-party Yale Law School professor shared her opinions about the lawsuit in response to a reporter.

4. Denied, except admitted that Gerken spoke to a non-party Yale Law School professor to discuss his potential hiring of Stubbs and Jackson as Coker Fellows.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied, except admitted that while both Stubbs and Jackson were offered Coker Fellowships, and Stubbs accepted a Coker Fellowship that was offered to her, neither is employed as a Coker Fellow.

11. Denied, except Defendants lack sufficient information to respond to the allegations that (a) neither Stubbs nor Jackson applied for judicial clerkships, and (b) any particular judge would view one or both of them as compelling applicants for judicial clerkships.

12. Denied, except admitted that a non-party Yale Law School professor shared her opinions about the lawsuit in response to a reporter.

## **JURISDICTION AND VENUE**

13. Defendants admit this action is between citizens of different states and that Plaintiffs claim over $75,000 exclusive of interest and costs. The remainder of Paragraph 13 contains a legal contention to which no response is required.

14. Defendants admit that they are residents of Connecticut. The remainder of Paragraph 14 contains a legal contention to which no response is required.

**PARTIES**

15.     Admitted that Stubbs identifies as African American, is a resident of Georgia, and took a voluntary leave of absence from Yale Law School. Denied that she is currently on a voluntary leave of absence from Yale Law School, as she is currently enrolled as a third-year student at Yale Law School.

16.     Admitted that Jackson identifies as Asian American and is a resident of California. Denied that he is enrolled in his third year at Yale Law School, as he completed his third year at Yale Law School and graduated last spring.

17.     Admitted.

18.     Admitted.

19.     Denied, except admitted that Cosgrove is a resident of Connecticut and was the Associate Dean of Student Affairs at Yale Law School before retiring from the position in August 2022.

20.     Denied, except admitted that Eldik is a resident of Connecticut and was the Director of Equity, Diversity, and Inclusion at Yale Law School before moving to another position at Yale Law School.

**STATEMENT OF FACTS**

21.     Admitted that Yale Law School employs a limited grading scale and does not compute grade point averages. Defendants lack sufficient information to respond to the allegation regarding "many top law schools" and lack sufficient information to respond to Plaintiffs' presumption about the purpose of the grading system.

22. Denied that Yale Law School classes after first-term only have three grades, as students may also fail a class. Admitted that Yale Law School first-term classes are ungraded. Denied that Yale Law School does not impose a mandatory curve on professors. Denied that Yale Law School's grading system is "extreme." Defendants lack sufficient information to respond to the allegation that Yale Law School "pioneered this model in the 1960s."

23. Denied.

24. Denied, except admitted that Yale Law School students entering in fall 2019 and graduating in spring 2022 had four semesters of graded credits, and that students in recent decades who completed their J.D. degree prior to the pandemic had five semesters of graded credits.

25. Denied, except admitted that some students apply for the Coker Fellowship, which is a teaching assistant position.

26. Denied, except admitted that each Yale Law School professor teaching first-year "small groups" hires two Coker Fellows to assist in teaching legal research and writing.

27. Admitted as to the first sentence; denied as to the second sentence, except admitted that some small-group students form friendships, some small-group professors take a special interest in forming deep and meaningful relationships with their small-group students, and the small-group model allows Coker Fellows to provide additional mentoring to first-year students.

28. Admitted.

29. Defendants lack sufficient information to respond.

30. Admitted, though most activities at Yale Law School allow students to work with professors or to build relationships with other Yale Law School students.

31. Denied, except admitted that some students working as Coker Fellows receive clerkship recommendations from the professors for whom they worked, just as other Yale Law School students receive clerkship recommendations from professors with whom they have worked as research assistants, clinic directors, teaching assistants, center fellows, or in other roles through journals and programs, or in whose clinics or classes they have excelled.

32. Admitted.

33. Defendants lack sufficient information to respond.

34. Denied, except admitted that Chua has served as a mentor for some students, some of whom have served as judicial clerks.

35. Denied.

36. Denied, except admitted that Gerken sent an email to members of the Yale Law School community concerning "allegations of faculty misconduct" that were "of enormous concern" to Gerken.

37. Admitted.

38. Admitted that some news reports characterized matters that way, but denied that these reports fully or accurately characterized the agreement.

39. Denied as to the first sentence; Defendants lack sufficient information to respond to the second sentence.

40. Defendants lack sufficient information to respond.

41. Admitted that Jackson resigned from the Yale Law Journal and that his resignation was covered on the Above the Law blog; Defendants lack sufficient information to respond to the remainder of Paragraph 41.

42. Denied that Chua is "one of the few faculty members of color at Yale Law School." Defendants lack sufficient information to respond to the remainder of Paragraph 42.

43. Defendants lack sufficient information to respond.

44. As to the first sentence, Defendants lack sufficient information to respond, except admitted that before the Covid-19 pandemic, some members of the faculty invited classes to meet at their homes. As to the second sentence, Defendants admit that before the pandemic, Gerken's speechwriters and members of her clinic (including Stubbs and Jackson) met at Gerken's home for end-of-the semester celebrations.

45. Defendants lack sufficient information to respond.

46. Defendants lack sufficient information to respond, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

47. Admitted.

48. Defendants note that the quoted articles speak for themselves.

49. Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

50. Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

51. Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied, except admitted that Cosgrove and Eldik counseled Stubbs that the document compiled by a former Yale Law School student who has since graduated, which is attached to the SAC as Exhibit A and which had been publicly disseminated by third parties, could be viewed by judges or their law clerks.

60. Denied, except admitted that Cosgrove and Eldik counseled Jackson to consider the possible effect on their respective clerkship applications of the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied, except admitted that Stubbs was a student in Gerken's clinic, was writing a paper under Gerken's supervision, and sought Gerken's advice.

69. Denied, except admitted that Gerken encouraged Stubbs to be truthful in potentially reporting faculty misconduct or engaging with classmates who were upset with

Stubbs after hearing of or reading the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

70. Denied, except admitted that Gerken spoke with a Yale Law School professor to discuss the relationship between Stubbs' and Jackson's applications for a Coker Fellowship and the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

71. Denied, except admitted that a Yale Law School professor had already employed both Stubbs and Jackson.

72. Denied.

73. Denied.

74. Denied.

75. Denied, except admitted that Stubbs took a leave of absence after the academic year ended, and subsequently re-enrolled as a third year student.

76. Defendants lack sufficient information to respond.

77. Defendants lack sufficient information to respond.

78. Admitted.

79. Denied, except admitted that Professor Bell responded to a reporter's questions.

80. Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

81. Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

82. Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

83. Admitted that Plaintiffs have not discussed this litigation with Defendants; Defendants lack sufficient information to respond to the allegation that Plaintiffs have not discussed the litigation with Professor Bell.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against all Defendants)

84. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

85. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

86. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

87. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

88. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

### SECOND CAUSE OF ACTION
### PROMISSORY ESTOPPEL
### (Against all Defendants)

89. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

90. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

91. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

92. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

### THIRD CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP
### (Against all Defendants)

93. No response is required.

94. Denied.

95. Denied.

96. No response is required because this theory of the cause of action has been dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58; but in any event, denied.

97. Denied.

### FOURTH CAUSE OF ACTION
### DEFAMATION
### (Against all Defendants)

98. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

99. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

100. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

101. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

102. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

103. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

104. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

105. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

106. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**FIFTH CAUSE OF ACTION**
**UNREASONABLE PUBLICITY**
**(Against all Defendants)**

107. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

108. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

109. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

110. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**SIXTH CAUSE OF ACTION**
**FALSE LIGHT**
**(Against all Defendants)**

111. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

112. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

113. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

114. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

115. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

116. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

117. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

118. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

119. No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to a judgment and/or any relief requested in the Prayer for Relief set forth in the SAC. Defendants further deny that Plaintiffs are entitled to any award of damages, any costs or expenses of this litigation, any investigation costs, any attorneys' fees, any pre- or post-judgment interest, or any other relief of any kind.

## ANSWER TO JURY DEMAND

Plaintiffs' request for a trial by jury does not require a response from Defendants.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages.

1. On information and belief, neither Stubbs nor Jackson has applied for any judicial clerkships.

2. On information and belief, Stubbs did not apply for judicial clerkships during her leave of absence.

3. On information and belief, Stubbs has not applied for judicial clerkships during her third year at Yale Law School.

4. On information and belief, Jackson did not apply for judicial clerkships while attending Yale Law School.

5. On information and belief, Jackson has not applied for judicial clerkships after graduating from Yale Law School.

6. On information and belief, Jackson was offered employment following his graduation from Yale Law School with one of the world's largest and most profitable law firms, which pays first-year associates considerably more than the salary of a judicial clerkship, but either did not accept this offer or has chosen to defer the beginning of his employment with the firm.

## JURY DEMAND

Defendants demand a trial by jury on all issues of fact and damages stated herein except where those causes of action have been dismissed.

**PRAYER FOR RELIEF**

Defendants respectfully request that the Court enter judgment in their favor against Plaintiffs, that Plaintiffs take nothing against Defendants by this suit, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

Dated: October 13, 2022

                                              **DEFENDANTS HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK, AND YALE UNIVERSITY**

                                                  */s/ Jonathan Freiman*
                                                  Jonathan M. Freiman (ct24248)
                                                  Paul A. Tuchmann (ct8018)
                                                  Wiggin and Dana LLP
                                                  One Century Tower
                                                  265 Church Street
                                                  PO Box 1832
                                                  New Haven, CT 06508-1832
                                                  jfreiman@wiggin.com
                                                  ptuchmann@wiggin.com
                                                  Tel.: (203) 498-4400
                                                  Fax: (203) 782-2889