## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SIERRA STUBBS and GAVIN JACKSON,

                                        Plaintiffs,

v.

HEATHER GERKEN, ELLEN COSGROVE,
YASEEN ELDIK, and YALE UNIVERSITY,

                                        Defendants.

Case No. 3:21-cv-01525

December 23, 2022

## DEFENDANTS' CONSENT MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7(f), Defendants Heather Gerken, Ellen Cosgrove, Yaseen Eldik, and Yale University ("Defendants"), with the written consent of Plaintiffs Sierra Stubbs and Gavin Jackson ("Plaintiffs"), move for leave to file an amended answer and affirmative defense.

In support of this Motion, Defendants represent as follows:

1.      Plaintiffs filed their Second Amended Complaint (ECF No. 30), the operative complaint in this action, on January 19, 2022.

2.      Defendants filed a motion to dismiss the Second Amended Complaint in its entirety (ECF No. 36) on February 14, 2022.

3.      On September 29, 2022, the Court dismissed all of Plaintiffs' claims except for their claim for tortious interference with prospective business relationship as it relates to alleged interference with Plaintiffs' opportunities to serve as judicial clerks. *See generally* Ruling on Mot. Dismiss, ECF No. 58.

4. Defendants filed their Answer and Affirmative Defense (ECF No. 61) on October 13, 2022.

5. The Court issued a Scheduling Order (ECF No. 63) on December 16, 2022. The Scheduling Order does not set forth a deadline until which the parties may seek leave to amend their respective pleadings.

6. Defendants now seek to amend their Answer and Affirmative Defense to admit the allegations in Paragraph 22 of the Second Amended Complaint. Pursuant to Local Rule 7(f), Defendants attach: (A) a clean version of their proposed amended answer and affirmative defense (Exhibit A); and (B) a redlined version of the same showing the changes proposed against the Answer and Affirmative Defense (Exhibit B).

7. Pursuant to Local Rule 7(f), Defendants state they asked Plaintiffs for their consent to Defendants amending their Answer and Affirmative Defense. On December 22, 2022, Plaintiffs provided their consent in an e-mail attached as Exhibit C.

8. Under Rule 15(a)(2), "a party may amend its pleading . . . with the opposing party's written consent." "The rule does not state that the agreement must take a particular form and presumably any writing clearly indicating that consent has been given should suffice." *Castro v. Covenant Aviation Sec., LLC*, 2013 WL 3070319, at *1 (S.D.N.Y. May 7, 2013) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1490 (3d ed 2010.)), *report and recommendation adopted*, 2013 WL 3811474 (S.D.N.Y. July 22, 2013).

9. Because Plaintiffs consented in writing to Defendants amending their Answer and Affirmative Defense, the Court should allow Defendants to file their proposed amended answer and affirmative defense.

WHEREFORE, Defendants respectfully request that the Court allow them to file their proposed amended answer and affirmative defense.

**DEFENDANTS HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK, AND YALE UNIVERSITY**

*/s/ Jonathan M. Freiman*
Jonathan M. Freiman (ct24248)
Paul A. Tuchmann (ct8018)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
ptuchmann@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

490\301\4867-3614-3174.v1

# Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SIERRA STUBBS and GAVIN JACKSON,

                             Plaintiffs,

v.

HEATHER GERKEN, ELLEN COSGROVE,
YASEEN ELDIK, and YALE UNIVERSITY,

                             Defendants.

Case No. 3:21-cv-01525-JBA

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Heather Gerken ("Gerken"), Ellen Cosgrove ("Cosgrove"), Yaseen Eldik ("Eldik"), and Yale University ("Yale," and together with Gerken, Cosgrove, and Eldik, "Defendants"), by and through their attorneys, hereby answer Plaintiffs Sierra Stubbs ("Stubbs") and Gavin Jackson's ("Jackson") Second Amended Complaint ("SAC"), ECF No. 30.  Except for the specific allegations or portions of allegations expressly admitted to below, Defendants deny each and every other allegation, portion of allegation, and characterization of facts in the SAC, and specifically deny any and all wrongdoing or liability to Plaintiffs.  To the extent a response is required to the table of contents, headings, titles, added emphases, footnotes, and any unnumbered paragraphs in the SAC, Defendants deny any and all allegations contained therein.

## PRELIMINARY STATEMENT

1.     Denied.

2.     Denied.

3.      Denied, except admitted that a non-party Yale Law School professor shared her opinions about the lawsuit in response to a reporter.

4.      Denied, except admitted that Gerken spoke to a non-party Yale Law School professor to discuss his potential hiring of Stubbs and Jackson as Coker Fellows.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied, except admitted that while both Stubbs and Jackson were offered Coker Fellowships, and Stubbs accepted a Coker Fellowship that was offered to her, neither is employed as a Coker Fellow.

11.     Denied, except Defendants lack sufficient information to respond to the allegations that (a) neither Stubbs nor Jackson applied for judicial clerkships, and (b) any particular judge would view one or both of them as compelling applicants for judicial clerkships.

12.     Denied, except admitted that a non-party Yale Law School professor shared her opinions about the lawsuit in response to a reporter.

## JURISDICTION AND VENUE

13.     Defendants admit this action is between citizens of different states and that Plaintiffs claim over $75,000 exclusive of interest and costs.  The remainder of Paragraph 13 contains a legal contention to which no response is required.

14.     Defendants admit that they are residents of Connecticut.  The remainder of Paragraph 14 contains a legal contention to which no response is required.

**PARTIES**

15.     Admitted that Stubbs identifies as African American, is a resident of Georgia, and took a voluntary leave of absence from Yale Law School.  Denied that she is currently on a voluntary leave of absence from Yale Law School, as she is currently enrolled as a third-year student at Yale Law School.

16.     Admitted that Jackson identifies as Asian American and is a resident of California.  Denied that he is enrolled in his third year at Yale Law School, as he completed his third year at Yale Law School and graduated last spring.

17.     Admitted.

18.     Admitted.

19.     Denied, except admitted that Cosgrove is a resident of Connecticut and was the Associate Dean of Student Affairs at Yale Law School before retiring from the position in August 2022.

20.     Denied, except admitted that Eldik is a resident of Connecticut and was the Director of Equity, Diversity, and Inclusion at Yale Law School before moving to another position at Yale Law School.

**STATEMENT OF FACTS**

21.     Admitted that Yale Law School employs a limited grading scale and does not compute grade point averages.  Defendants lack sufficient information to respond to the allegation regarding "many top law schools" and lack sufficient information to respond to Plaintiffs' presumption about the purpose of the grading system.

22.     Admitted.

23.     Denied.

3

24.     Denied, except admitted that Yale Law School students entering in fall 2019 and graduating in spring 2022 had four semesters of graded credits, and that students in recent decades who completed their J.D. degree prior to the pandemic had five semesters of graded credits.

25.     Denied, except admitted that some students apply for the Coker Fellowship, which is a teaching assistant position.

26.     Denied, except admitted that each Yale Law School professor teaching first-year "small groups" hires two Coker Fellows to assist in teaching legal research and writing.

27.     Admitted as to the first sentence; denied as to the second sentence, except admitted that some small-group students form friendships, some small-group professors take a special interest in forming deep and meaningful relationships with their small-group students, and the small-group model allows Coker Fellows to provide additional mentoring to first-year students.

28.     Admitted.

29.     Defendants lack sufficient information to respond.

30.     Admitted, though most activities at Yale Law School allow students to work with professors or to build relationships with other Yale Law School students.

31.     Denied, except admitted that some students working as Coker Fellows receive clerkship recommendations from the professors for whom they worked, just as other Yale Law School students receive clerkship recommendations from professors with whom they have worked as research assistants, clinic directors, teaching assistants, center fellows, or in other roles through journals and programs, or in whose clinics or classes they have excelled.

32.     Admitted.

33.     Defendants lack sufficient information to respond.

34.     Denied, except admitted that Chua has served as a mentor for some students, some of whom have served as judicial clerks.

35.     Denied.

36.     Denied, except admitted that Gerken sent an email to members of the Yale Law School community concerning "allegations of faculty misconduct" that were "of enormous concern" to Gerken.

37.     Admitted.

38.     Admitted that some news reports characterized matters that way, but denied that these reports fully or accurately characterized the agreement.

39.     Denied as to the first sentence; Defendants lack sufficient information to respond to the second sentence.

40.     Defendants lack sufficient information to respond.

41.     Admitted that Jackson resigned from the Yale Law Journal and that his resignation was covered on the Above the Law blog; Defendants lack sufficient information to respond to the remainder of Paragraph 41.

42.     Denied that Chua is "one of the few faculty members of color at Yale Law School." Defendants lack sufficient information to respond to the remainder of Paragraph 42.

43.     Defendants lack sufficient information to respond.

44.     As to the first sentence, Defendants lack sufficient information to respond, except admitted that before the Covid-19 pandemic, some members of the faculty invited classes to meet at their homes. As to the second sentence, Defendants admit that before the pandemic,

Gerken's speechwriters and members of her clinic (including Stubbs and Jackson) met at Gerken's home for end-of-the semester celebrations.

45.     Defendants lack sufficient information to respond.

46.     Defendants lack sufficient information to respond, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

47.     Admitted.

48.     Defendants note that the quoted articles speak for themselves.

49.     Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

50.     Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

51.     Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

52.     Admitted.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied, except admitted that Cosgrove and Eldik counseled Stubbs that the document compiled by a former Yale Law School student who has since graduated, which is

attached to the SAC as Exhibit A and which had been publicly disseminated by third parties, could be viewed by judges or their law clerks.

60.     Denied, except admitted that Cosgrove and Eldik counseled Jackson to consider the possible effect on their respective clerkship applications of the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied, except admitted that Stubbs was a student in Gerken's clinic, was writing a paper under Gerken's supervision, and sought Gerken's advice.

69.     Denied, except admitted that Gerken encouraged Stubbs to be truthful in potentially reporting faculty misconduct or engaging with classmates who were upset with Stubbs after hearing of or reading the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

70.     Denied, except admitted that Gerken spoke with a Yale Law School professor to discuss the relationship between Stubbs' and Jackson's applications for a Coker Fellowship and the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

71.    Denied, except admitted that a Yale Law School professor had already employed both Stubbs and Jackson.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied, except admitted that Stubbs took a leave of absence after the academic year ended, and subsequently re-enrolled as a third year student.

76.    Defendants lack sufficient information to respond.

77.    Defendants lack sufficient information to respond.

78.    Admitted.

79.    Denied, except admitted that Professor Bell responded to a reporter's questions.

80.    Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

81.    Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

82.    Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

83.    Admitted that Plaintiffs have not discussed this litigation with Defendants; Defendants lack sufficient information to respond to the allegation that Plaintiffs have not discussed the litigation with Professor Bell.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against all Defendants)**

84.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

85.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

86.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

87.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

88.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**SECOND CAUSE OF ACTION**
**PROMISSORY ESTOPPEL**
**(Against all Defendants)**

89.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

90.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

91.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

92.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

### THIRD CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP
### (Against all Defendants)

93.     No response is required.

94.     Denied.

95.     Denied.

96.     No response is required because this theory of the cause of action has been

dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended

Complaint, ECF No. 58; but in any event, denied.

97.     Denied.

### FOURTH CAUSE OF ACTION
### DEFAMATION
### (Against all Defendants)

98.     No response is required, as this cause of action was dismissed by the Court in its

Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

99.     No response is required, as this cause of action was dismissed by the Court in its

Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

100.    No response is required, as this cause of action was dismissed by the Court in its

Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

101.    No response is required, as this cause of action was dismissed by the Court in its

Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

102.    No response is required, as this cause of action was dismissed by the Court in its

Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

103.    No response is required, as this cause of action was dismissed by the Court in its

Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

104.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

105.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

106.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

## FIFTH CAUSE OF ACTION
### UNREASONABLE PUBLICITY
**(Against all Defendants)**

107.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

108.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

109.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

110.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

## SIXTH CAUSE OF ACTION
### FALSE LIGHT
**(Against all Defendants)**

111.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

112.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

113.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

114.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

115.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

116.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

117.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

118.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

119.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

### ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to a judgment and/or any relief requested in the Prayer for Relief set forth in the SAC.  Defendants further deny that Plaintiffs are entitled to any award of damages, any costs or expenses of this litigation, any investigation costs, any attorneys' fees, any pre- or post-judgment interest, or any other relief of any kind.

### ANSWER TO JURY DEMAND

Plaintiffs' request for a trial by jury does not require a response from Defendants.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages.

1. On information and belief, neither Stubbs nor Jackson has applied for any judicial clerkships.

2. On information and belief, Stubbs did not apply for judicial clerkships during her leave of absence.

3. On information and belief, Stubbs has not applied for judicial clerkships during her third year at Yale Law School.

4. On information and belief, Jackson did not apply for judicial clerkships while attending Yale Law School.

5. On information and belief, Jackson has not applied for judicial clerkships after graduating from Yale Law School.

6. On information and belief, Jackson was offered employment following his graduation from Yale Law School with one of the world's largest and most profitable law firms, which pays first-year associates considerably more than the salary of a judicial clerkship, but either did not accept this offer or has chosen to defer the beginning of his employment with the firm.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues of fact and damages stated herein except where those causes of action have been dismissed.

## **PRAYER FOR RELIEF**

Defendants respectfully request that the Court enter judgment in their favor against Plaintiffs, that Plaintiffs take nothing against Defendants by this suit, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

Dated: December 23, 2022

**DEFENDANTS HEATHER GERKEN,
ELLEN COSGROVE, YASEEN ELDIK,
AND YALE UNIVERSITY**

*/s/ Jonathan Freiman*
Jonathan M. Freiman (ct24248)
Paul A. Tuchmann (ct8018)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
ptuchmann@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

490\301\4884-6457-8117.v1

14

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

SIERRA STUBBS and GAVIN JACKSON,

                          Plaintiffs,

v.

HEATHER GERKEN, ELLEN COSGROVE,
YASEEN ELDIK, and YALE UNIVERSITY,

                          Defendants.

Case No. 3:21-cv-01525-JBA

---

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Heather Gerken ("Gerken"), Ellen Cosgrove ("Cosgrove"), Yaseen Eldik ("Eldik"), and Yale University ("Yale," and together with Gerken, Cosgrove, and Eldik, "Defendants"), by and through their attorneys, hereby answer Plaintiffs Sierra Stubbs ("Stubbs") and Gavin Jackson's ("Jackson") Second Amended Complaint ("SAC"), ECF No. 30.  Except for the specific allegations or portions of allegations expressly admitted to below, Defendants deny each and every other allegation, portion of allegation, and characterization of facts in the SAC, and specifically deny any and all wrongdoing or liability to Plaintiffs.  To the extent a response is required to the table of contents, headings, titles, added emphases, footnotes, and any unnumbered paragraphs in the SAC, Defendants deny any and all allegations contained therein.

## PRELIMINARY STATEMENT

1.       Denied.

2.       Denied.

3.      Denied, except admitted that a non-party Yale Law School professor shared her opinions about the lawsuit in response to a reporter.

4.      Denied, except admitted that Gerken spoke to a non-party Yale Law School professor to discuss his potential hiring of Stubbs and Jackson as Coker Fellows.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied, except admitted that while both Stubbs and Jackson were offered Coker Fellowships, and Stubbs accepted a Coker Fellowship that was offered to her, neither is employed as a Coker Fellow.

11.      Denied, except Defendants lack sufficient information to respond to the allegations that (a) neither Stubbs nor Jackson applied for judicial clerkships, and (b) any particular judge would view one or both of them as compelling applicants for judicial clerkships.

12.      Denied, except admitted that a non-party Yale Law School professor shared her opinions about the lawsuit in response to a reporter.

## JURISDICTION AND VENUE

13.      Defendants admit this action is between citizens of different states and that Plaintiffs claim over $75,000 exclusive of interest and costs.  The remainder of Paragraph 13 contains a legal contention to which no response is required.

14.      Defendants admit that they are residents of Connecticut.  The remainder of Paragraph 14 contains a legal contention to which no response is required.

## PARTIES

15.    Admitted that Stubbs identifies as African American, is a resident of Georgia, and took a voluntary leave of absence from Yale Law School.  Denied that she is currently on a voluntary leave of absence from Yale Law School, as she is currently enrolled as a third-year student at Yale Law School.

16.    Admitted that Jackson identifies as Asian American and is a resident of California.  Denied that he is enrolled in his third year at Yale Law School, as he completed his third year at Yale Law School and graduated last spring.

17.    Admitted.

18.    Admitted.

19.    Denied, except admitted that Cosgrove is a resident of Connecticut and was the Associate Dean of Student Affairs at Yale Law School before retiring from the position in August 2022.

20.    Denied, except admitted that Eldik is a resident of Connecticut and was the Director of Equity, Diversity, and Inclusion at Yale Law School before moving to another position at Yale Law School.

## STATEMENT OF FACTS

21.    Admitted that Yale Law School employs a limited grading scale and does not compute grade point averages.  Defendants lack sufficient information to respond to the allegation regarding "many top law schools" and lack sufficient information to respond to Plaintiffs' presumption about the purpose of the grading system.

22.    Denied that Yale Law School classes after first-term only have three grades, as students may also fail a class.  Admitted that Yale Law School first-term classes are ungraded.

3

~~Denied that Yale Law School does not impose a mandatory curve on professors.  Denied that~~
~~Yale Law School's grading system is "extreme."  Defendants lack sufficient information to~~
~~respond to the allegation that Yale Law School "pioneered this model in the 1960s."~~Admitted.

23.     Denied.

24.     Denied, except admitted that Yale Law School students entering in fall 2019 and graduating in spring 2022 had four semesters of graded credits, and that students in recent decades who completed their J.D. degree prior to the pandemic had five semesters of graded credits.

25.     Denied, except admitted that some students apply for the Coker Fellowship, which is a teaching assistant position.

26.     Denied, except admitted that each Yale Law School professor teaching first-year "small groups" hires two Coker Fellows to assist in teaching legal research and writing.

27.     Admitted as to the first sentence; denied as to the second sentence, except admitted that some small-group students form friendships, some small-group professors take a special interest in forming deep and meaningful relationships with their small-group students, and the small-group model allows Coker Fellows to provide additional mentoring to first-year students.

28.     Admitted.

29.     Defendants lack sufficient information to respond.

30.     Admitted, though most activities at Yale Law School allow students to work with professors or to build relationships with other Yale Law School students.

31.     Denied, except admitted that some students working as Coker Fellows receive clerkship recommendations from the professors for whom they worked, just as other Yale Law

4

School students receive clerkship recommendations from professors with whom they have worked as research assistants, clinic directors, teaching assistants, center fellows, or in other roles through journals and programs, or in whose clinics or classes they have excelled.

32.     Admitted.

33.     Defendants lack sufficient information to respond.

34.     Denied, except admitted that Chua has served as a mentor for some students, some of whom have served as judicial clerks.

35.     Denied.

36.     Denied, except admitted that Gerken sent an email to members of the Yale Law School community concerning "allegations of faculty misconduct" that were "of enormous concern" to Gerken.

37.     Admitted.

38.     Admitted that some news reports characterized matters that way, but denied that these reports fully or accurately characterized the agreement.

39.     Denied as to the first sentence; Defendants lack sufficient information to respond to the second sentence.

40.     Defendants lack sufficient information to respond.

41.     Admitted that Jackson resigned from the Yale Law Journal and that his resignation was covered on the Above the Law blog; Defendants lack sufficient information to respond to the remainder of Paragraph 41.

42.     Denied that Chua is "one of the few faculty members of color at Yale Law School." Defendants lack sufficient information to respond to the remainder of Paragraph 42.

43.     Defendants lack sufficient information to respond.

44.     As to the first sentence, Defendants lack sufficient information to respond, except admitted that before the Covid-19 pandemic, some members of the faculty invited classes to meet at their homes. As to the second sentence, Defendants admit that before the pandemic, Gerken's speechwriters and members of her clinic (including Stubbs and Jackson) met at Gerken's home for end-of-the semester celebrations.

45.     Defendants lack sufficient information to respond.

46.     Defendants lack sufficient information to respond, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

47.     Admitted.

48.     Defendants note that the quoted articles speak for themselves.

49.     Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

50.     Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

51.     Denied, except admitted that a former Yale Law School student, who has since graduated, compiled Exhibit A to the SAC, which speaks for itself.

52.     Admitted.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

6

58.     Denied.

59.     Denied, except admitted that Cosgrove and Eldik counseled Stubbs that the document compiled by a former Yale Law School student who has since graduated, which is attached to the SAC as Exhibit A and which had been publicly disseminated by third parties, could be viewed by judges or their law clerks.

60.     Denied, except admitted that Cosgrove and Eldik counseled Jackson to consider the possible effect on their respective clerkship applications of the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied, except admitted that Stubbs was a student in Gerken's clinic, was writing a paper under Gerken's supervision, and sought Gerken's advice.

69.     Denied, except admitted that Gerken encouraged Stubbs to be truthful in potentially reporting faculty misconduct or engaging with classmates who were upset with Stubbs after hearing of or reading the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

7

70.     Denied, except admitted that Gerken spoke with a Yale Law School professor to discuss the relationship between Stubbs' and Jackson's applications for a Coker Fellowship and the document compiled by a former Yale Law School student, who has since graduated, and which is attached to the SAC as Exhibit A.

71.     Denied, except admitted that a Yale Law School professor had already employed both Stubbs and Jackson.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied, except admitted that Stubbs took a leave of absence after the academic year ended, and subsequently re-enrolled as a third year student.

76.     Defendants lack sufficient information to respond.

77.     Defendants lack sufficient information to respond.

78.     Admitted.

79.     Denied, except admitted that Professor Bell responded to a reporter's questions.

80.     Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

81.     Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

82.     Denied, except admitted that Professor Bell responded to a reporter's questions, and the published article speaks for itself.

83.     Admitted that Plaintiffs have not discussed this litigation with Defendants; Defendants lack sufficient information to respond to the allegation that Plaintiffs have not discussed the litigation with Professor Bell.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against all Defendants)

84.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

85.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

86.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

87.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

88.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

### SECOND CAUSE OF ACTION
### PROMISSORY ESTOPPEL
### (Against all Defendants)

89.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

90.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

91.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

92.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**THIRD CAUSE OF ACTION**
**INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP**
**(Against all Defendants)**

93.     No response is required.

94.     Denied.

95.     Denied.

96.     No response is required because this theory of the cause of action has been dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58; but in any event, denied.

97.     Denied.

**FOURTH CAUSE OF ACTION**
**DEFAMATION**
**(Against all Defendants)**

98.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

99.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

100.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

101.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

102.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

103.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

104.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

105.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

106.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**FIFTH CAUSE OF ACTION**
**UNREASONABLE PUBLICITY**
**(Against all Defendants)**

107.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

108.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

109.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

110.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**SIXTH CAUSE OF ACTION**
**FALSE LIGHT**
**(Against all Defendants)**

111.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

112.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

113.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

114.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

**SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against all Defendants)**

115.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

116.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

117.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

118.     No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

119.    No response is required, as this cause of action was dismissed by the Court in its Ruling on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 58.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to a judgment and/or any relief requested in the Prayer for Relief set forth in the SAC.  Defendants further deny that Plaintiffs are entitled to any award of damages, any costs or expenses of this litigation, any investigation costs, any attorneys' fees, any pre- or post-judgment interest, or any other relief of any kind.

## ANSWER TO JURY DEMAND

Plaintiffs' request for a trial by jury does not require a response from Defendants.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages.

1.    On information and belief, neither Stubbs nor Jackson has applied for any judicial clerkships.

2.    On information and belief, Stubbs did not apply for judicial clerkships during her leave of absence.

3.    On information and belief, Stubbs has not applied for judicial clerkships during her third year at Yale Law School.

4.    On information and belief, Jackson did not apply for judicial clerkships while attending Yale Law School.

5.    On information and belief, Jackson has not applied for judicial clerkships after graduating from Yale Law School.

6.    On information and belief, Jackson was offered employment following his graduation from Yale Law School with one of the world's largest and most

13

profitable law firms, which pays first-year associates considerably more than the salary of a judicial clerkship, but either did not accept this offer or has chosen to defer the beginning of his employment with the firm.

## JURY DEMAND

Defendants demand a trial by jury on all issues of fact and damages stated herein except where those causes of action have been dismissed.

## PRAYER FOR RELIEF

Defendants respectfully request that the Court enter judgment in their favor against Plaintiffs, that Plaintiffs take nothing against Defendants by this suit, and that the Court grant Defendants such other and further relief as the Court deems just and proper.


Dated: ~~October 13~~December 23, 2022

**DEFENDANTS HEATHER GERKEN, ELLEN COSGROVE, YASEEN ELDIK, AND YALE UNIVERSITY**

*/s/ Jonathan Freiman*
Jonathan M. Freiman (ct24248)
Paul A. Tuchmann (ct8018)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
ptuchmann@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

490\301\4884-6457-8117.v1

Exhibit C

**Archived:** Friday, December 23, 2022 12:36:48 PM
**From:** Matthew W. Schmidt
**Sent:** Thursday, December 22, 2022 2:05:27 PM
**To:** Freiman, Jonathan
**Cc:** Sophie L. Saydah
**Subject:** RE: Stubbs - amending answer
**Importance:** Normal
**Sensitivity:** None

---

Jonathan:

I'm sorry, I forgot to follow up here—thank you for circling back. Yes, we consent to the change.

Thanks,
Matt

--
Matthew W. Schmidt
Partner
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-212-374-5421
T: +1-415-966-2656
F: +1-212-208-2613
matthew.schmidt@balestrierefariello.com
Bio: http://mws.balestrierefariello.com
www.BalestriereFariello.com

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this e-mail or by calling us at 212-374-5400 and please immediately delete this communication. Thank you.

---

**From:** Freiman, Jonathan <JFreiman@wiggin.com>
**Sent:** Thursday, December 22, 2022 11:02 AM
**To:** Matthew W. Schmidt <matthew.schmidt@balestrierefariello.com>
**Subject:** RE: Stubbs - amending answer

Hi Matt,

Just circling back on this. We'd like to file this, ideally with your consent so that the court doesn't need to spend time on it. As you know, it's ministerial, and in your favor, as it changes a "denied" paragraph to an "admitted" paragraph in our answer.

Best,
Jonathan

---

**From:** Freiman, Jonathan <JFreiman@wiggin.com>
**Sent:** Tuesday, December 20, 2022 4:24 PM

**To:** Matthew W. Schmidt <matthew.schmidt@balestrierefariello.com>
**Subject:** Stubbs - amending answer

Matt,

As we discussed yesterday, the defendants need to amend their answer, solely as to Paragraph 22. Your averment in Paragraph 22 of the operative complaint is that "Yale Law School does not impose a mandatory curve on professors." We denied that in our answer. We need to amend because we've now learned that YLS considers itself to have a strong norm on grading, but not a "mandatory curve." We intend to move to amend to revise just that response. Do you consent to the mot i on

Best,
Jonathan

**Jonathan M. Freiman**
Direct: 203.498.4584
www.wiggin.com



CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH

---

This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected under applicable law from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents (including any attachments) by persons other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify the sender or **Wiggin and Dana LLP** at **203-498-4400** immediately and then delete the original message (including any attachments) in its entirety. We take steps to protect against viruses and other malicious code but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor electronic mail sent to and from our server(s) to ensure regulatory compliance to protect our clients and business.

Disclosure under U.S. IRS Circular 230: **Wiggin and Dana LLP** informs you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.